**CITY OF SAN ANTONIO, Appellant,**

v.

**Angie WINKENHOWER and Harry Winkenhower, Appellees.**

No. 04–93–00192–CV.

Court of Appeals of Texas, San Antonio.

Feb. 23, 1994.

Rehearing Denied March 18, 1994.

Christine Chemell, Legal Services, VIA Metropolitan Transit Authority, Paula Dlugosz, Asst. City Atty., San Antonio, for appellant.

Allan K. DuBois, Laura Cavaretta, Lang, Ladon, Green, Coghlan & Fisher, P.C., San Antonio, for appellee.

Before CHAPA, C.J., and GARCIA and RICKHOFF, JJ.

## OPINION

CHAPA, Chief Justice.

This appeal stems from a suit to recover damages for personal injuries and property damage resulting from an automobile accident on July 24, 1991. Harry Winkenhower allegedly hit a pothole on Jones–Maltsberger Road in San Antonio, lost control of his 1988 Ford Bronco, and crashed into a bar ditch adjacent to the road. The dispositive issue before this court is whether appellees are precluded from recovering for property damages under the Texas Tort Claims Act.

The record reflects that Harry Winkenhower and his parents, H.O. and Angie Winkenhower, sued the City of San Antonio, alleging that Harry Winkenhower incurred physical pain and mental anguish and that their Ford Bronco sustained significant damage from the automobile accident. They asserted the City was at fault because it negligently maintained the city roadway. A trial was held in which the jury assessed sixty-five percent of the fault against the City of San Antonio and thirty-five percent of the fault against Harry Winkenhower. However, the jury awarded zero damages for physical pain and mental anguish, but granted $11,000 in property damage. The trial court entered a judgment for $7150, a sum reflecting reduced actual damages due to Harry Winkenhower's comparative negligence. From this judgment, the City of San Antonio appeals.

In its sole point of error, the City contends that the Texas Tort Claims Act [1] prevent appellees from recovering an award for property damage under the facts of this case. The City argues that property damages may only be awardable pursuant to the Tort Claims Act under section 101.021(1), which reads in pertinent part:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

---

1. Codified at Tex.Civ.Prac. & Rem.Code Ann. §§ 101.001–.109 (Vernon 1986 & Supp.1994). `

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and,

(B) the employee would be personally liable to the claimant according to Texas law. . . .

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986).

According to the City, the missing element from this case is the fact appellees neither pleaded or proved the accident here arose because a city employee operated or used motor-driven vehicles or motor-driven equipment. The City argues that recovery for property damage is permitted only under such circumstances due to the limited waiver of immunity granted by the Texas Tort Claims Act. Otherwise, recovery for property damage is barred as a matter of law due to sovereign immunity. It is undisputed that this case involved a one vehicle accident wherein no motor-driven vehicles or equipment belonging to the City was involved.

■ We agree with the City that appellees recovery for property damage is barred under the doctrine of sovereign immunity. A governmental entity is not liable for the negligence of its agents or officers unless there is a clear constitutional or statutory waiver of immunity. *Schaefer v. City of San Antonio,* 838 S.W.2d 688, 691 (Tex.App.—San Antonio 1992, no writ). "[O]nly when the legislature has clearly and explicitly waived ... sovereign immunity may a cause of action accrue." *Id.* at 693. The Texas Tort Claims Act distinctly reflects that recovery for property damage alone may arise in only one instance—when damages are proximately caused by the operation or use of motor-driven vehicles or motor-driven equipment. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986). We have carefully reviewed the Tort Claims Act and find no other provision in which the doctrine of sovereign immunity has been waived that would enable a plaintiff to recover for property damage under these facts.

The very issue presented by this case has been raised before in which the courts of appeal have consistently denied such recovery. *See, e.g., Schaefer,* 838 S.W.2d at 693–

94 (court refuses damage award after appellant's property was flooded by water because the break in a nearby water pipe did not result from the operation or use of motor-driven vehicles or equipment); *State Dep't of Highways & Pub. Transp. v. Pruitt,* 770 S.W.2d 638, 639 (Tex.App.—Houston [14th Dist.] 1989, no writ.) (court rejects appellant's attempt to collect property damages after his vehicle hit a curb protruding onto the highway and covered by grass as no motor-driven vehicles or equipment was involved); *cf. 4 DG's Corp. v. City of Lockney,* 853 S.W.2d 855, 858 (Tex.App.—Amarillo 1993, no writ) (summary judgment for city was improper because property damage resulting from sewage backing up into a corporation's house may have resulted from the operation or use of motor-driven equipment).

Appellees respond to the City's position with several arguments. Primarily, appellees contend that the Tort Claims Act reflects a legislative intent to hold a city liable for property damages resulting from negligent street maintenance. Specifically, appellees argue that section 101.0215, which expressly governs municipalities, imposes liability on the City here, whereas section 101.021, which the City relied upon to avoid liability, is not binding authority for this case. We disagree with appellees to the extent they argue section 101.0215 requires the City to pay for property damage under these facts.

Section 101.0215 reads:

(a) A municipality is liable under this chapter for damages arising from its governmental functions, which are those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public, including but not limited to:

. . .

(4) bridge construction and maintenance and street maintenance. . . .

TEX.CIV.PRAC. & REM.CODE ANN. § 101.0215 (Vernon Supp.1994). Clearly, the function of this statute is to enumerate in part what activities performed by a municipality are governmental, as compared with propriety which are not governed by the Tort Claims

Act.[2] *See McKinney v. City of Gainesville,* 814 S.W.2d 862, 865 (Tex.App.—Fort Worth 1991, no writ). By categorizing street maintenance as a governmental activity, section 101.0215(a)(4) has the effect of placing the activity under the umbrella of the Texas Tort Claims Act. *Id.* Consequently, "[o]nce the plaintiff invokes the procedural devices of the Texas Tort Claims Act, to bring a cause of action against the State, then he also is bound by the limitations and remedies provided in the statute." *State Dept. of Highways & Pub. Transp. v. Dopyera,* 834 S.W.2d 50, 54 (Tex.), *cert. denied,* —— U.S. ——, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992).

■ Section 101.021 does not, as appellees allege, govern all other governmental entities except for municipalities. The statute clearly applies to all governmental entities including municipalities. *See Schaefer,* 838 S.W.2d at 693–94. Because street maintenance is categorized as a governmental activity under 101.0215, it is thus governed by the Tort Claims Act and subject to its limitations. Accordingly, no suit for property damage alone may arise under the Act unless the damage occurs as the result of the operation or use of motor-driven vehicles or equipment.

Taking an alternative position, appellees contend that this case does involve the operation or use of a motor vehicle, hence satisfying the requirements of section 101.021. Specifically, they argue that liability arises because Harry Winkenhower *operated* the Ford Bronco when it hit the pothole. This argument must fail based on the supreme court's holding in *LeLeaux v. Hamshire–Fannett Sch. Dist.,* 835 S.W.2d 49 (Tex.1992), in which the court said, "While the statute does not specify whose operation or use [of motor driven vehicles or equipment] is necessary—the employee's, the person who suffers injury, or some third party—we think the more plausible reading is that the required operation or use is that of the [government] employee." *Id.* at 51.

■ Finally, appellees argue that the City of San Antonio is applying the Tort Claims

Act in an unconstitutional manner, namely, that denying them property damages under these facts deprives them of a cause of action that was previously available under common law. Hence, they argue, it violates the open courts and due process provisions of the state constitution.

■ Contrary to the City's argument in its supplemental brief, this complaint is reviewable by our court even though it was not argued to the trial court below. In raising this constitutional challenge, appellees do not complain about an error of the trial court. Instead, they raise this reply point as an alternative position to seek affirmance of the judgment. Had they sought a modification of the judgment or a reversal of the judgment as applied to them, as one would in a cross-point, preservation of error would have been necessary. Tex.R.App.P. 136(d).

Appellees' complaint is rooted in the fact that street maintenance was previously considered a proprietary activity before the Tort Claims Act was amended in 1987. All cities were under "a duty to maintain streets in a reasonably safe condition." *Barrera v. City of Garland,* 776 S.W.2d 652, 655 (Tex.App.—Dallas 1989, writ. denied); *see also Jezek v. City of Midland,* 605 S.W.2d 544, 546 (Tex. 1980). Because the doctrine of sovereign immunity does not apply to proprietary functions, a common law cause of action could be asserted against a municipality for its negligence in the performance of a proprietary function. *Barrera,* 776 S.W.2d at 655. When the Tort Claims Act was amended, however, street maintenance was recategorized as a governmental activity. Tex.Civ. Prac. & Rem.Code Ann. § 101.0215 (Vernon Supp.1994). This had the effect of restricting a cause of action based on negligent street maintenance to the limited waiver of immunity provisions of the Tort Claims Act. Appellees claim that this reclassification, which they say abrogates a common law cause of action, is unreasonable and arbitrary because its sole purpose is to put a cap on liability.

2. A proprietary activity is one voluntarily assumed by the municipality primarily for the benefit of those within its corporate boundaries, whereas a governmental activity is conducted by

the municipality as an arm of the state and for the benefit of the public as a whole. *City of Houston v. Quinones,* 142 Tex. 282, 177 S.W.2d 259, 261 (1944).

■ Appellees' argument must fail for several reasons. The most compelling reason is the legislature's authority pursuant to the Texas Constitution to define what municipal activities will be considered governmental and what activities will be deemed proprietary. TEX. CONST. art. XI, § 13. The constitution also permits the legislature to reclassify any prior statutory or common law classification of a municipal activity. *Id.* Furthermore, a legislative action may withdraw a common law remedy when "it is a reasonable exercise of the police power in the interest of the general welfare." *Lebohm v. City of Galveston,* 154 Tex. 192, 275 S.W.2d 951, 955 (1955). The City convincingly argues that the classification of certain activities as proprietary under common law is anachronistic in light of the expanded role government in recent decades. Where a municipality might have provided services in the past as a voluntary gesture to benefit those within its corporate limits, such services today are often demanded by today's citizenry and even essential for the orderly management of a municipality. Clearly, this is true for the function of street maintenance. This distinction was illustrated during the legislative debate on the Amended Tort Claims Act, where one senator argued that a governmental activity is basically one that is demanded by the public, whereas a proprietary function is one in which the municipality competes with the private sector. *See* John T. Montford & Will G. Barber, *1987 Texas Tort Reform: The Quest for a Fairer and More Predictable Texas Civil Justice System,* 25 HOUSTON L.REV. 59, 133 (1988). Thus, the legislature reasonably intended to accord cities with some of the same protections of sovereign immunity enjoyed by the state and other local political subdivisions under the state.

Appellees also complain that the Tort Claims Act violates the state constitutional provision against the taking of property without adequate compensation, yet fail to provide any argument about how this clause was violated in the context of this case. Therefore, we shall not address this complaint. TEX.R.APP.P. 74(f).

Accordingly, the City's point of error is granted. The judgment of the trial court is reversed, and appellees are hereby ordered to recover nothing from the City of San Antonio.