# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00560-CV

**Katie Schafer, Individually and on behalf of the Estate of
Daxton Park, Deceased, Appellant**

**v.**

**Texas Department of Transportation, Appellee**

### FROM THE DISTRICT COURT OF TARRANT COUNTY, 96TH JUDICIAL DISTRICT
### NO. 96-186104-01, HONORABLE JEFF WALKER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Following a car accident in which she was injured and her daughter was killed, appellant Katie Schafer sued appellee the Texas Department of Transportation ("TxDOT") for negligence, wrongful death, and premises liability, alleging that TxDOT was negligent in failing to install continuous guardrails or barriers and had actual or constructive knowledge of the danger posed by the lack of such barriers. TxDOT filed a plea to the jurisdiction, contending that Schafer's causes of action did not fall under the Texas Tort Claims Act ("the Act"), or any other provision that would waive TxDOT's sovereign immunity and, thus her suit was barred. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-.106 (West 1997 & Supp. 2003). The trial court granted TxDOT's plea and dismissed Schafer's suit. Schafer appeals, contending that (1) it was not apparent from her

pleadings that her suit was barred by sovereign immunity, and (2) the trial court's application of the Act amounted to a deprivation of substantive due process. We will affirm.

The supreme court has held, on facts very similar to these, that the Act does not waive sovereign immunity for roadway design, a discretionary act. *Texas Dep't of Transp. v. Ramirez*, 74 S.W.3d 864, 867 (Tex. 2002) (design of highway and lack of barrier in median between north- and southbound lanes "reflect discretionary decisions for which TxDOT retains immunity"); *see State v. San Miguel*, 2 S.W.3d 249, 251 (Tex. 1999) ("Decisions about highway design and about what type of safety features to install are discretionary policy decisions" and protected by sovereign immunity.); *State v. Rodriguez*, 985 S.W.2d 83, 86 (Tex. 1999) (design of detour involves "same type of policy-level decisions as that of designing a roadway and as such, is a discretionary act" protected by sovereign immunity). Further, the condition Schafer alleges is defective does not amount to a special defect, which is defined as something presenting an "unexpected and unusual danger to ordinary users of the highway." *State Dep't of Hwys. & Pub. Transp. v. Payne*, 838 S.W.2d 235, 238 (Tex. 1992). The placement or lack of a guardrail is not a special defect as contemplated by the Act. *See Rodriguez*, 985 S.W.2d at 86 ("detour's sharp turn and other alleged design flaws did not unexpectedly and physically impair a vehicle's ability to travel on the roadway").[1] We overrule Schafer's first issue on appeal.

---

[1] *See also Mogayzel v. Texas Dep't of Transp.*, 66 S.W.3d 459 (Tex. App.—Fort Worth 2001, pet. denied) (Fort Worth Court of Appeals, on almost identical facts involving same section of highway, held no waiver of sovereign immunity in design of highway and safety measures).

Schafer next contends that the Act as applied to her cause is unconstitutional and deprives her of substantive due process. The party attacking a statute bears the burden of showing that the statute is unconstitutional. *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex. 1996); *Rylander v. B & A Mktg. Co.*, 997 S.W.2d 326, 333 (Tex. App.—Austin 1999, no pet.); *Salvatierra v. VIA Metro. Transit Auth.*, 974 S.W.2d 179, 182 (Tex. App.—San Antonio 1998, pet. denied). There is a strong presumption that a statute is constitutional, *Rylander*, 997 S.W.2d at 333, and an intermediate appellate court must have "clear and certain grounds to find a statute unconstitutional." *Salvatierra*, 974 S.W.2d at 182.

Schafer complains that applying the trial court's application of the Act "would deprive Schafer of life, liberty, or property in an unreasonable, arbitrary, and capricious manner." However, she does not explain what "life, liberty, or property" is being threatened, how the trial court's application deprives her of such an interest, or why it is unreasonable, arbitrary or capricious. She cites no authority to support her argument, other than a general statement regarding the purpose of due process guarantees. Schafer has not satisfied her burden of showing clear and certain grounds for holding the statute unconstitutional as applied to her. *See id.* Furthermore, the Act has withstood numerous constitutional challenges, including due process attacks. *See*, *e.g.*, *id.* at 182-83 (open courts and equal protection challenges); *University of Tex. Med. Branch v. Greenhouse*, 889 S.W.2d 427, 431-32 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (due process, equal protection, open courts challenges); *City of San Antonio v. Winkenhower*, 875 S.W.2d 388, 391-92 (Tex. App.—San

3

Antonio 1994, writ denied) (open courts and due process challenges).  We overrule Schafer's second issue on appeal, and we affirm the trial court's judgment.

_____

Mack Kidd, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed:   June 26, 2003