

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00063-CR

## EX PARTE VICENTE GODINEZ

**From the 18th District Court
Johnson County, Texas
Trial Court No. F46393A**

## MEMORANDUM OPINION

In two issues, appellant, Vicente Godinez, argues that: (1) the trial judge abused his discretion by failing to conduct an evidentiary hearing on his application for writ of habeas corpus; and (2) his trial counsel was ineffective. We affirm.

### I.     BACKGROUND

On May 24, 2012, appellant was charged by indictment for tampering with a governmental record, a third-degree felony. *See* TEX. PENAL CODE ANN. § 37.10(a)(6), (d)(2) (West Supp. 2013). Pursuant to an agreement with the State, appellant pleaded guilty to the charged offense. The trial court accepted appellant's guilty plea, deferred

adjudication, and placed appellant on community supervision for five years with a $500 fine.

On January 3, 2013, appellant filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal Procedure, arguing that his guilty plea was not voluntary because his trial counsel did not inform him of the Deferred Action for Childhood Arrivals ("DACA") program—enacted on June 15, 2012—designed to help aliens who were brought to the United States as children achieve citizenship. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West Supp. 2013). Appellant also asserted that he is currently detained by United States Immigration and Customs Enforcement and subject to deportation and that he would have qualified for the DACA program but for his guilty plea.

On February 1, 2013, the trial court denied appellant's habeas-corpus application without a hearing. In its order, the trial court stated that appellant "is manifestly entitled to no relief"; however, it did not specify that appellant's habeas-corpus application was denied as frivolous. Pursuant to an abatement order issued by this Court, the trial court entered an amended order, whereby the trial court denied appellant's habeas-corpus application as frivolous. This appeal followed.

## II.    APPELLANT'S HABEAS-CORPUS APPLICATION

In his first issue, appellant argues that the trial judge abused his discretion by failing to conduct an evidentiary hearing on his article 11.072 application for writ of habeas corpus. We disagree.

We review a trial court's decision to grant or deny an evidentiary hearing on an article 11.072 habeas-corpus application under an abuse-of-discretion standard. *See Ex parte Gonzalez*, 323 S.W.3d 557, 558 (Tex. App.—Waco 2010, pet. ref'd); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.—Fort Worth 2005, no pet.); *see also Ex parte Gonzales*, No. 13-11-00135-CR, 2012 Tex. App. LEXIS 5846, at **3-4 (Tex. App.—Corpus Christi July 19, 2012, pet. ref'd) (mem. op., not designated for publication). To prevail on a writ of habeas corpus, an applicant must prove his allegations by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam).

Article 11.072 of the Texas Code of Criminal Procedure provides the process for habeas-corpus applications, wherein the applicant is seeking relief from an order or judgment of conviction ordering community supervision, as is the case here. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1; *see Ex parte Cummins*, 169 S.W.3d at 756. The relevant statutory provisions are as follows:

> Sec. 6.  (a) Not later than the 60th day after the day on which the state's answer is filed, the trial court shall enter a written order granting or denying the relief sought in the application.
>
> (b) In making its determination, the court may order affidavits, depositions, interrogatories[,] or a hearing, and may rely on the court's personal recollection.
>
>  . . .
>
> Sec. 7.  (a) If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. In any other case, the court shall enter a written

order including findings of fact and conclusions of law. The court may require the prevailing party to submit a proposed order. . . .

TEX. CODE CRIM. PROC. ANN. art. 11.072, §§ 6-7.

Although appellant argues that he was entitled to an evidentiary hearing, nothing in article 11.072 requires the trial court to conduct a hearing before rendering its decision on the habeas-corpus relief sought. *See id.* art. 11.072, § 6; *Ex parte Gonzalez*, 323 S.W.3d at 558 (stating that nothing in article 11.072 required the trial court to conduct a hearing on appellant's habeas-corpus application); *Ex parte Franklin*, 310 S.W.3d 918, 922-23 (Tex. App.—Beaumont 2010, no pet.) (stating that a trial court is not required to hold an oral hearing when determining whether to deny an article 11.072 application for writ of habeas corpus alleging ineffective assistance of counsel); *Ex parte Cummins*, 169 S.W.3d at 757 (holding that nothing in article 11.072 required the trial court to hear evidence and allow appellant to cross-examine former trial counsel in an application for writ of habeas corpus alleging ineffective assistance); *see also Ex parte Faulkner*, No. 09-05-478-CR, 2006 Tex. App. LEXIS 9486, at *8 (Tex. App.—Beaumont 2006, pet. ref'd) (mem. op., not designated for publication) (stating that the decision to conduct a hearing on an article 11.072 application is entirely discretionary).

Article 26.13 of the Texas Code of Criminal Procedure requires a trial court to admonish a defendant, either orally or in writing, before accepting a guilty plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (West Supp. 2013). When a trial court substantially complies with article 26.13, it creates a prima facie showing that the defendant's guilty plea was entered knowingly and voluntarily. *See Hughes v. State*, 833

S.W.2d 137, 140 (Tex. Crim. App. 1992); *see also Grays v. State*, 888 S.W.2d 876, 878 (Tex. App.—Dallas 1994, no pet.). In the instant case, appellant was admonished in accordance with article 26.13, which therefore created a presumption that appellant's guilty plea was entered knowingly and voluntarily. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a); *see also Hughes*, 833 S.W.2d at 140; *Grays*, 888 S.W.2d at 878.

Based on the information before the trial judge, including his own recollection of the case, and the presumption that appellant's guilty plea was knowing and voluntary, we conclude that the trial judge could properly dispose of appellant's ineffective-assistance-of-counsel claim without holding an evidentiary hearing. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.072, § 6, 26.13; *Ex parte Gonzalez*, 323 S.W.3d at 558; *Ex parte Franklin*, 310 S.W.3d at 922-23; *Ex parte Cummins*, 169 S.W.3d at 757; *see also Ex parte Faulkner*, 2006 Tex. App. LEXIS 9486, at *8. As such, we cannot say that the trial judge abused his discretion in deciding appellant's habeas-corpus claim without an evidentiary hearing.[1] *See Ex parte Gonzalez*, 323 S.W.3d at 558; *Ex parte Cummins*, 169

---

[1] Our records reflect that counsel filed three separate motions to abate, asserting the same argument: that the trial judge was obligated to issue findings of fact and conclusions of law supporting his denial of appellant's application for writ of habeas corpus as frivolous. Each time, we denied appellant's motion based on Texas Code of Criminal Procedure 11.072, section 7(a), which provides that:

> If the court determines from the face of the application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous. *In any other case, the court shall enter a written order including findings of fact and conclusions of law.*

TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2013) (emphasis added). Essentially, because the trial judge denied appellant's habeas-corpus application as frivolous, he was not required to issue findings of fact and conclusions of law. *See id.* Nevertheless, in his brief, appellant's counsel asserts the same argument for a fourth time and requests an abatement of this case. As we have done the three times before, we deny appellant's abatement request for the reason expressed above. *See id.*

S.W.3d at 757; *see also Ex parte Gonzales*, 2012 Tex. App. LEXIS 5846, at **3-4. We therefore overrule appellant's first issue.

### III.    ASSISTANCE OF COUNSEL

In his second issue, appellant contends that his trial counsel rendered ineffective assistance because he did not advise his noncitizen client of the deportation consequences of his guilty plea.

### A.    Standard of Review

A plea of guilty is not voluntary if it was made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). To obtain habeas-corpus relief on the ground of ineffective assistance of counsel, appellant must show: (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482, 176 L. Ed. 2d 284 (2010); *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984). A defendant has the right to effective assistance of counsel during plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). In the context of a complaint about counsel's plea advice, appellant must show: (1) counsel's plea advice did not fall within the range of competence demanded of attorneys in criminal cases; and (2) there is a reasonable probability that, but for counsel's deficient performance, appellant would have insisted on going to trial rather than accepting the offer and pleading guilty. *Id.*

To satisfy his burden under the first prong of the test, appellant must overcome the strong presumption that counsel's performance fell within the wide range of reasonable professional assistance and might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Harrington*, 310 S.W.3d at 458. Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The reasonableness of counsel's performance is judged under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064-65. Our review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Thompson*, 9 S.W.3d at 813. Under the second prong of the test, a reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Thompson*, 9 S.W.3d at 812.

**B.    Discussion**

In this issue, appellant contends trial counsel rendered ineffective assistance of counsel by failing to advise him of the deportation consequences of his plea, which, in turn, rendered his plea involuntary. In making this contention, appellant relies heavily on the United States Supreme Court's opinion in *Padilla v. Kentucky*. *See* 559 U.S. at 366-68, 130 S. Ct. at 1482.

In *Padilla*, the Supreme Court held that inaccurate advice regarding a non-citizen client's potential deportation may constitute ineffective assistance of counsel. *Id.* When federal immigration law clearly specifies that the defendant will be deported, counsel

must affirmatively and correctly advise the defendant about immigration consequences of the plea. *Id.* The *Padilla* Court further stated:

> Immigration law can be complex, and it is a legal specialty of its own. Some members of the bar who represent clients facing criminal charges, in either state or federal court or both, may not be well versed in it. There will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward (as it is in many of the scenarios posited by Justice Alito), a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry the risk of adverse immigration consequences. But when the deportation consequence is truly clear . . . the duty to give correct advice is equally clear.

*Padilla*, 559 U.S. at 369, 130 S. Ct. at 1483.

In the instant case, the record reflects that appellant's trial counsel repeatedly informed appellant about the possibility of deportation. At the plea hearing, appellant testified that he went over the plea papers with his parents and trial counsel and specifically went over the portion of the plea papers that addressed the possibility of deportation.[2] Moreover, in the following exchange, trial counsel asked appellant whether he understood the immigration consequences of his guilty plea:

---

[2] State's exhibit 1, which constituted appellant's plea papers, contained the following admonishments that appellant signed, indicating that he understood and was aware of the consequences of his plea:

> 4. If the Defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.
>
> . . . .
>
> By my signature below I acknowledge that my attorney has fully explained the immigration consequences and legal action that may be taken against me by the Department of Homeland Security and/or Immigration and Customs Enforcement if I

| | |
|---|---|
| Q [Defense counsel]: | Do you have any questions about the immigration consequences as a result of you pleading guilty today? |
| A [Appellant]: | Yes. Does that affect anything from now on? |
| Q: | Well, it certainly could, yes. |
| A: | Will anything— |
| Q: | What it says is you could be deported. You could be. I mean, I don't think you will be. You could be deported, though, today or in the future. You could be denied citizenship to the United States. Do you want to read this again or do you feel like you understand it? |
| A: | I understand it. |
| Q: | Are you sure this is what you want to do? |
| A: | Yes. |

The trial court then admonished appellant and asked whether he understood all of the paperwork he signed and everything that was discussed in open court. Appellant responded, "Yes, sir."

---

plead guilty or no contest to the criminal offense of Tampering with Government Records. My attorney has explained, and I am fully aware, that in all likelihood if I am not a legal citizen of the United State[s] of America, with my plea to this offense, it is presumptively mandatory and virtually certain that I will be subject to deportation and/or exclusion from the United States of America and/or prevented from re-entry into the United States of America. Further, a criminal conviction for the above named offense may have adverse immigration consequences other than deportation, removal[,] or denial of re-entry. My attorney has advised me that I may seek the assistance of an immigration attorney if I have any further questions about the immigration consequences of my plea before I enter into this plea agreement. Having these immigration consequences explained to me[,] I am freely and voluntarily entering my plea to the above offense.

Based on the foregoing, it is clear to us that trial counsel informed appellant "that pending criminal charges may carry the risk of adverse immigration consequences," as is required by *Padilla*.[3] *See* 559 U.S. at 369, 130 S. Ct. at 1483. In addition, the record reflects appellant's acknowledgement that he faced deportation if he entered his guilty plea. *See, e.g., Ex parte Sanchez*, No. 05-13-00679-CR, 2013 Tex. App. LEXIS 10880, at *28 (Tex. App.—Dallas Aug. 27, 2013, no pet.) (mem. op., not designated for publication). Accordingly, we cannot say that appellant has met his burden to show trial counsel's performance fell below an objective standard of reasonableness or that counsel's plea advice about deportation fell outside the range of competence demanded of attorneys in

---

[3] On appeal, appellant argues that trial counsel's comment, "I don't think you will be," is meaningful. However, we note that our review of the effectiveness of trial counsel's assistance is based on the totality of the representation, not on isolated incidents. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *see also Ex parte Welborn*, 875 S.W.2d 391, 393 (Tex. Crim. App. 1990). Furthermore, trial counsel clearly articulated that appellant could be deported and denied citizenship to the United States because of his guilty plea. Moreover, the plea papers, which appellant went over with trial counsel and his parents and signed, also expressed the adverse immigration consequences of appellant's guilty plea. And finally, it is noteworthy that after trial counsel's admonishment during the plea hearing, appellant refused the opportunity to go back over the plea papers and articulated that he understood all of the plea papers and everything that transpired during the plea hearing. Therefore, based on the totality of the representation, we believe that trial counsel satisfied his duty under *Padilla v. Kentucky*. *See* 559 U.S. 356, 369, 130 S. Ct. 1473, 1483, 176 L. Ed. 2d 284 (2010). Accordingly, we cannot say that, based on this comment alone, trial counsel ineffectively rendered assistance. *See id.*; *see also Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064-65, 80 L. Ed. 2d 674 (1984).

Appellant also argues that trial counsel was ineffective because he failed to inform him about the Deferred Action for Childhood Arrivals program enacted on June 15, 2012. We disagree. First, even if appellant was found not guilty of the charged offense, there is no certainty that he was eligible for the program, considering admission to the program is at the discretion of federal authorities. *See* United States Dep't of Homeland Security, Deferred Action for Childhood Arrivals, *available at* http://www.dhs.gov/deferred-action-childhood-arrivals#0 (last visited Dec. 12, 2013); *see also* Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children (2012), http://www.dhs.gov/xlibrary/assets/s1-exercising-prosecutorial-discretion-individuals-who-came-to-us-as-children.pdf. And second, even if appellant had not pleaded guilty to the charged offense, there is no certainty that he would have been found not guilty and therefore eligible for the program. *See id.* Again, as stated above, trial counsel informed appellant about the possible adverse immigration consequences of his guilty plea. *See Padilla*, 559 U.S. at 369, 130 S. Ct. at 1483. As such, we cannot say that trial counsel ineffectively rendered assistance. *See id.*; *see also Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65.

criminal cases.  *See Padilla*, 559 U.S. at 369, 130 S. Ct. at 1483; *Strickland*, 466 U.S. at 687-88, 104 S. Ct. at 2064-65; *Harrington*, 310 S.W.3d at 458; *see also Ex parte Sanchez*, 2013 Tex. App. LEXIS 10880, at **28-29.  We therefore overrule appellant's second issue.

## IV.   CONCLUSION

Having overruled both of appellant's issues, we affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed January 9, 2014
Do not publish
[CR25]