**905-15**

ORIGINAL

10-14-00285-CR

---

IN THE CRIMINAL COURT OF
APPEALS OF TEXAS
AUSTIN, TEXAS

---

LESTER BROUSSARD, Appellant

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 15 2015

Abel Acosta, Clerk

THE STATE OF TEXAS, Appellee

---

LESTER BROUSSARD Cause No. PD-0905-15
On Appeal from the 12th District Court
Walker County, Texas and the
COURT OF CRIMINAL APPEALS OF
AUSTIN, TEXAS

---

PETITION FOR DISCRETIONARY REVIEW

---

FILED IN
COURT OF CRIMINAL APPEALS

SEP 18 2015

Abel Acosta, Clerk

# TABLE OF CONTENTS

TABLE OF CONTENTS

INDEX OF AUTHORITIES

STATEMENT REGARDING ORAL ARGUMENT

STATEMENT OF THE CASE

STATEMENT OF PROCEDURAL HISTORY

GROUND FOR REVIEW

REASON FOR REVIEW

PRAYER FOR RELIEF

~~APPENDIX~~ LB

# INDEX OF AUTHORITIES

## Cases

Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004)

Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792 (1963)

Gonzales v. State, 685 S.W.2d 47 (Tex.Crim.App.1985)

Hodge v. State, 488 S.W.2d 779 (Tex. Crim. App. 1973)

Holloway v. State, 780 S.W.2d 787 (Tex.Ct. App. 1989)

Huffman v. State 746 S.W. 2d 212 (Tex.Crim.App 1988)

Ieppert v. State, 908 S.W.2d 217 (Tex. Crim App. 1995)

In re C.O.S., 988 S.W.2d 760 (Tex. 1999)

Maine v. Moulton, 474 U.S. 159, 106 S.Ct. 477 (1985)

Marin v. State 851 S.W.2d 275 (Tex.Crim.App.1993) overruled on other grounds by Cain v. State, 947 S.W.2d 262 (Tex Crim.App.1997)

Ex parte Morrow, 952 S.W.2d 530 (Tex.Crim.App.1997)

Ransom v. State, 789 S.W.2d 572 (Tex.Crim.App.1989)

Rodriguez v. State, 899 S.W.2d 658 (Tex.Crim.App.1995)

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984)

Tong v. State, 25 S.W.3d 707 (Tex.Crim.App.2000), cert. denied, 69 U.S.L.W. 3748 (2001)

Valencia v. State, 946 S.W.2d 81 (Tex.Crim.App.1997)

Vasquez v. State, 830 S.W.2d 948 (Tex.Crim.App. 1992)

Lester Broussard, Petitions the Court to review the Judgement affirming his Conviction for Forgery of Government instrument, In Cause NO. 25,424

## STATEMENT REGARDING ORAL ARGUMENT

Defendant Lester Broussard was found to have Violated the Conditions of his community Supervision and thus revoked and found guilty of the underlying offense, receiving the maximum two years Sentence, along with a $2,000 fine.

Setting aside the questionable strategic choice of having a Convicted defendant to testify and subject himself to cross examination, defense counsel satidly and allowed the state to put into evidence Inadmissible hearsay as improper impeachment of the only defense asserted - that Broussard put his children ahead of his obligations to pay and report. Without any objections or any attempted interference from defense counsel, the State introduced the Complete hearsay that the children's mother, and grandmother, had both testified in another proceeding that Broussard did not help at all with the children.

These statements could not be subjected to cross examination and left unobjected to, as they were; completely rebutted Broussard's only defense and mitigation. Additionally, defense Counsel did not call, nor appear to make any attempt to call, Broussard's mother or Bossman to assist in the mitigation defense.

Broussard's counsel was ineffective to the level of depriving him of his right to counsel as provided for in the United States Constitution. Allowing inadmissible hearsay into the record without objection or request for a mistrial, which was the only evidence rebutting his mitigation defense, amounts to ineffective assistance. His sentence should be reversed and he should be given a fair trial.

Additionally, it seems inescapable the state had offered Something below the maximum prior to the trial. The State only asked for eighteen months after the evidence showed Clear absconding and no compliance with any conditions after May of 2012. As to what Counsel advised regarding any plea offers is, however, beyond the record here and a matter left for a habeas proceeding.

## STATEMENT OF THE CASE

This is an Appeal from the revocation of Appellant's Community Supervision resulting from a 2011 deferred adjudication for forgery of government instrument. Appellant's probation was revoked and he plead true to all allegations and was sentenced to two years.

## STATEMENT OF PROCEDURAL HISTORY

In May 2011, Broussard was charged by indictment with forgery of a government instrument. Pursuant to a plea agreement with the state, Broussard plead guilty to the charged offense. The trial court deffered a finding of guilt and placed Broussard on community supervision for a period of the three years with a 2,000 fine

Thereafter, the State filed its first amended motion to adjudicate, alleged that Broussard had violated numerous conditions of his community supervision. At a hearing on the State's first amended motion to adjudicate, Broussard pleaded "true" to the allegations contained in the State's motion. At the conclusion of the hearing, the trial court determined that Broussard had violated the conditions of his community supervision, found him guilty of the underlying offense of forgery of a government instrument, and sentence him to two years' confinement.

# Ground for review

### Defense Counsel's performance was Ineffective under the Standards of <u>Strickland v. Washington</u>

Applying the two-prong standard from Strickland v. Washington, 466 U.S. 668, 687 (1984), Broussard must first demonstrate that counsel's performance fell below an objective standard of reasonableness and that it could not be attributed to sound trial strategy. Not objecting to hearsay and improper impeachment evidence could rarely be considered sound strategy, but here where it directly [LB] rebuts the only proffered defense and mitigation, it cannot be argued that it is trial strategy. Allowing his client to take the stand without (Rights) or against his will, allowing the defendant to feel forced. When the mitigation defense is that the defendant was consumed with caring for his children, no reasonable attorney would decide to let the State introduce hearsay evidence that he did not care for them at all, and certainly not allow it twice.

The record clearly shows no reasonable attorney could have made such a trial decision, and thus it is not speculation to find counsel [LB] ineffective. See <u>Vasquez v. State</u>, 830 S.W.2d 948, 950-51 (Tex. Crim. App 1992).

Given that the inadmissible evidence directly rebutted Broussard's only mitigation defense, and more so that it was the only evidence rebutting it, there is far more than a reasonable probability that his defense was prejudiced.

The assessment to the maximum two years despite the State's request for less, removes all doubt that the factfinder did not believe Broussard's defense. In sum, counsel's allowing the two absentee impeachment witnesses to rebut Broussard's claim of caring for his children clearly fell below the standard and certainly prejudiced his defense.

# GROUND FOR REVIEW

1.) Additionally, this evidence was inadmissible under the Confrontation Clause. See e.g., <u>Crawford V. Washington</u>, 541 U.S. 36, 68, 124 S.Ct 1354 (2004). There were no such objections or attempts to prevent, exclude or remedy the prosecutor's comments.

2.) The hearsay "Testimony" of the prosecutor that the Defendant had not taken care of his children at all when that was his only defense is sufficient to warrent reversal. The comments were therefore patently harmful to the defendant and the comments are of the character that the harmful "impression produced" could not be withdrawn. <u>Huffman V. State</u>, 746 S.W.2d at 218.

3.) Regarding a mistrial, Prosecutorial comments such as these are reviewed based on the facts of the case, with the focus on the Probable effect on the factfinder's mind. <u>Hodge V. State</u>, 488 S.W. 2d 779, 781-82 (To Trigger reversal, the question must be obviously harmful to the defendant.) <u>Ransom V. State</u>, 789 S.W.2d 572, 585 (Tex. Crim. App. 1989) <u>Gonzales V. State</u>, (LB) 685 S.W.2d 47, 49 (Tex. Crim. App. 1985)

The court of appeals opinion indicates that defense counsel's failure to object to the complained questions, they cannot say, the proceeding would have been different.

Trial counsel did not raise the fact that his client, Lester Broussard filed a habeas corpus and waved his right for trial and did not try to move the defendant from the stand and try to come to an agreement with the State.

No reasonable attorney would have allowed his client to get the maximum or take the stand in a plea bargin case, in other words the proceeding would have been different if trial counsel would have made better trial strategies, like let his client know his rights about taken the stand and what I was facing at that time

## GROUND FOR REVIEW

The Court sentenced Broussard to the maximum despite the state's request for less clearly shows that the Court did not accept Broussard's Mitigation given its impeachment, albeit improper, by the state. The defendant was experienceing anxiety, sadness, and depression do to the Mother of his children being incarcerated and was not ready for the stand. The defendant felt forced do to trial Counsel's (LB) action by not notifying him about his right to take the stand while he was emotionally stressed also. The proceeding would have been different, an agreement should have been Made (This was a plea Bargin case gone wrong).

## REASON FOR REVIEW

Whether the assistance of counsel was ineffective in a revocation proceeding as to mandate reversal and remand on direct appeal when counsel confused his client on the plea deal, allowing his client to take the stand and failing to object or demand a mistrial when Prosecutor introduced inadmissible hearsay impeachment evidence that directly rebutted the only proffered defense, and was the only evidence rebutting it?

Do to the defense counsel's actions the defendant recieved the Maximum sentence. (LB)
If trial counsel wouldn't allowed the defendant to take the stand and also told him about his rights about takeing the stand the Proceeding would have been different (This was a plea Bargin case gone wrong) do to his action (record is silent).

## Prayer For Relief

For the reason herein alleged, the petitioner was denied a fair trial in Cause NO. 25.424. Therefore, Petitioner prays this court grant this petition, and upon reviewing the Judgement entered below, reverse this cause and remand it for a new Trial.

Respectfully submitted,

LESTER BROUSSARD Jr.

Bradshaw State Jail

Henderson, Texas 75653

P.O. Box 9000

# Certificate of Service

This is to certify that on _Sept. 2_, a true and correct copy of the above foregoing document have been served on both the District Attorney of Walker County, Texas.



IN THE
TENTH COURT OF APPEALS

No. 10-14-00285-CR

LESTER BROUSSARD, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 12th District Court
Walker County, Texas
Trial Court No. 25424

MEMORANDUM OPINION

In one issue, appellant, Lester Broussard, challenges the revocation of his community supervision, stemming from a 2011 deferred adjudication for forgery of a government instrument. *See* TEX. PENAL CODE ANN. § 32.21 (West 2011). Specifically, Broussard complains that his trial counsel was ineffective for failing to object or demand a mistrial when the prosecutor introduced inadmissible hearsay impeachment evidence that directly rebutted his defense. We affirm.

# I.  BACKGROUND

In May 2011, Broussard was charged by indictment with forgery of a government instrument. *See id.* Pursuant to a plea agreement with the State, Broussard pleaded guilty to the charged offense. The trial court deferred a finding of guilt and placed Broussard on community supervision for a period of three years with a $2,000 fine.

Thereafter, the State filed its first amended motion to adjudicate, alleging that Broussard had violated numerous conditions of his community supervision.[1] At a hearing on the State's first amended motion to adjudicate, Broussard pleaded "true" to the allegations contained in the State's motion. At the conclusion of the hearing, the trial court determined that Broussard had violated the conditions of his community supervision, found him guilty of the underlying offense of forgery of a government instrument, and sentenced him to two years' confinement in the State Jail Division of the Texas Department of Criminal Justice with a $2,000 fine. This appeal followed.

# II.  ANALYSIS

In his sole issue on appeal, Broussard contends that his trial counsel was ineffective because he failed to object or demand a mistrial when the prosecutor asked two questions that purportedly elicited inadmissible hearsay impeachment evidence that directly rebutted his defensive theory.

---

[1] At the hearing on the State's motion, which was conducted on August 27, 2014, the State presented evidence that Broussard had not reported to his supervision officer since May 2012; that Broussard had tested positive for marihuana on January 31, 2012; that Broussard owes $4,159 in court-ordered costs and fees; and that Broussard completed only 4.75 hours of 200 court-ordered community-service hours.

## A.    Applicable Law

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Second, appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id.* To satisfy the first prong, appellant must show that his counsel's representation was objectively unreasonable. *Id.*; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, appellant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable probability exists if it is enough to undermine the adversarial process and thus the outcome of the trial. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). "Isolated instances in the record

reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 875 S.W.2d 391, 393 (Tex. Crim. App. 1990). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Specifically, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). Though the record is silent as to the reasons for most of trial counsel's conduct, we will examine the record to determine if trial counsel's conduct was "'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

## B.     Discussion

In its first amended motion to adjudicate, the State alleged that Broussard had violated his community supervision by, among other things, failing to report on a monthly basis to his supervision officer, failing to submit to and pay for drug and alcohol screens, failing a drug screen, and failing to pay various costs and fees. At the hearing on the State's motion, Broussard testified that he could not abide by the conditions of his community supervision because he had to take care of his five children. Specifically, Broussard explained that he failed to report to his supervision officer because he was asked to pay money at each visit—something he could not afford to do. When cross-examining Broussard, the State asked the following questions:

Q [The State]: Would it surprise you if Courtney Franklin, that her mother previously testified at her hearing that you didn't help with the kids at all?

A [Broussard]: No. She don't like me. That's why she—I don't know why she do that. I've been working the whole time. My girl friend actually is the one that—she lost her job, so I have to—really have to work harder.

. . . .

Q: Would it surprise you if Courtney testified previously that you didn't help with the kids at all?

A: No, she wouldn't—no, she wouldn't do that. Because she—I have been—I've been the man paying the bills and everything. She wouldn't—she wouldn't do me like—she wouldn't do me like that.

No objections were made to these questions, and these questions are the basis for Broussard's ineffective-assistance-of-counsel claim.

Even assuming, *arguendo*, that Broussard satisfied the first prong of *Strickland*, we do not believe that the outcome of the hearing likely would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Mallett*, 65 S.W.3d at 62-63; *Thompson*, 9 S.W.3d at 812. In particular, the State alleged in its first amended motion to adjudicate that Broussard testified positive for marihuana, which constituted a violation of a condition of Broussard's community supervision. At the hearing on the State's motion, Broussard pleaded "true" to this allegation, and Sheila Hugo, deputy director for the Walker County CSCD, testified that Broussard tested positive for marihuana on January 31, 2012, and signed an admission to that effect on or about April 19, 2012. And when asked why he stopped reporting to his supervision officer after he failed his urinalysis for marihuana, Broussard responded: "That—that wasn't even an issue. I stopped—I stopped smoking after that. I really wasn't even smoking like that. I'm not a big smoker like that. I was—it was really—"

Texas courts have held that proof of any one of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2011); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Antwine v. State*, 268 S.W.3d 634, 636 (Tex. App.—Eastland 2008, pet. ref'd); *see also Mena v. State*, No. 14-12-00652-CR, 2013 Tex. App. LEXIS 7634, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication) ("When a trial court finds several violations of probationary conditions, we affirm the order revoking

probation if the proof of any single allegation is sufficient."). Broussard's defense targeted his inability to report to his supervision officer and his inability to pay corresponding costs and fees. Broussard did not dispute that he had smoked marihuana, in violation of the conditions of his community supervision.

Because the complained-of questions did not address Broussard's drug use, and because the State proffered sufficient evidence to demonstrate that Broussard's drug use violated the conditions of his community supervision, we cannot say that, but for trial counsel's purported failure to object to the complained-of questions, the result of the proceeding would have been different. *See Thompson*, 9 S.W.3d at 812; *Moore*, 605 S.W.2d at 926; *see also Diaz v. State*, No. 10-11-00269-CR, 2012 Tex. App. LEXIS 2029, at *4 (Tex. App.—Waco Mar. 14, 2012, no pet.) (mem. op., not designated for publication) ("As such, we can uphold the trial court's revocation of community supervision on those unchallenged grounds."); *Castro-Marquez v. State*, No. 14-11-00314-CR, 2011 Tex. App. LEXIS 10068, at **5-6 (Tex. App.—Houston [14th Dist.] Dec. 22, 2011, no pet.) (mem. op., not designated for publication); *Ferris v. State*, No. 01-09-00676-CR, 2011 Tex. App. LEXIS 1232, at **5-6 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, no pet.) (mem. op., not designated for publication) ("Thus, in order to prevail on appeal, the defendant must successfully challenge all of the findings that support the revocation order."). In other words, because we look to the totality of the representation, we cannot say that Broussard has satisfied his burden of proving by a preponderance of the evidence that his trial counsel was ineffective. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9

S.W.3d at 813; *see also Gamble*, 916 S.W.2d at 92. We overrule Broussard's sole issue on appeal.

## III. CONCLUSION

We affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 4, 2015
Do not publish
[CR25]



Name Lester Broussard # 1949501

Bradshaw State Jail

P.O. Box 9000

Henderson, TX  75653

Legal Mail

78711182308

Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711


