

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-16-00590-CV

**IN RE THE GOODYEAR TIRE & RUBBER COMPANY**

Original Mandamus Proceeding[1]

Opinion by:    Karen Angelini, Justice
Dissenting Opinion by: Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed: April 26, 2017

Because I would hold the trial court did not abuse its discretion, I respectfully dissent. First,

unlike *In re Michelin North America, Inc.*, No. 14-15-00578-CV, 2015 WL 7456101 (Tex. App.—

Houston [14th Dist.] Nov. 24, 2015, orig. proceeding [mand. denied]) (mem. op.), and *In re*

*Goodyear Tire & Rubber Co.*, 437 S.W.3d 923 (Tex. App.—Dallas 2014, orig. proceeding),

Goodyear failed to timely file evidence to support its objections to plaintiffs' discovery request.

Second, the trial court's order expressly does not require Goodyear to make a tire it is not currently

manufacturing. Third, Goodyear has judicially admitted it currently has *the* machine used to

manufacture and design the tire at issue at its Danville plant (or a nearly identical machine).

---

[1] This proceeding arises out of Cause No. 13-06-12009-DCVAJA, styled *Elvia Munoz, et al., v. The Goodyear Tire & Rubber Co, et al.*, pending in the 365th Judicial District Court, Dimmit County, Texas, the Honorable Amado J. Abascal, III presiding.

Inspection and observation of this machine falls squarely within the scope of permissible discovery for plaintiffs' manufacturing and design defect claims.

### THE MAJORITY ERRS BY RELYING ON AN UNTIMELY FILED DECLARATION

Goodyear did not timely file any evidence to support its objections, and the trial court did not consider untimely evidence. Goodyear argues the trial court erred by not considering its evidence because the deadline in Rule 193.4 does not apply to motions to compel under Rule 215. Essentially, Goodyear's position is that there is no deadline to file evidence to support a discovery objection at a hearing on a motion to compel.

To support its holding, the majority relies solely on the declaration of Monroe Griffith, which Goodyear served one day before the November 4 motion to compel hearing. The majority justifies relying on Griffith's declaration because:

> Plaintiffs did not raise a timeliness objection at the November 4 hearing and nothing stated by the trial judge at that hearing indicated he was making an evidentiary ruling excluding the Griffith declaration from consideration. Therefore, the Griffith declaration was before the trial court when it ruled upon the Plaintiffs' motion.

This is not Goodyear's argument. The majority also cites no authority. Under Rule 193.4(a), Goodyear had the burden to obtain the trial court's permission to consider Griffith's declaration because it was not filed at least seven days before the hearing. *See* TEX. R. CIV. P. 193.4(a) (providing "evidence" supporting a discovery objection "may be . . . affidavits served ***at least seven days before the hearing*** or at such other reasonable time ***as the court permits***") (emphasis added). Nothing in the record shows Goodyear obtained the trial court's permission to file untimely evidence, and the trial court's orders expressly state the court considered only timely filed evidence. Thus, the Griffith affidavit was not before the trial court. *See id.*

Furthermore, the majority's apparent reliance on Texas Rule of Appellate Procedure 33.1 is misplaced. Rule 33.1 requires a party to object as a prerequisite for presenting a complaint for

appellate review. *See* TEX. R. APP. P. 33.1. Rule 33.1's preservation rule applies only to a party seeking to alter or modify the trial court's order or judgment. *See City of San Antonio v. Winkenhower*, 875 S.W.2d 388, 391 (Tex. App.—San Antonio 1994, writ denied). Plaintiffs are not seeking to alter or modify the trial court's order, Goodyear is. Thus, the majority errs by requiring the plaintiffs, who agree with the trial court's ruling, to have objected to the untimely evidence. *See id.*

The majority erroneously establishes a presumption that all evidence is before the trial court unless there is an objection to the evidence as untimely and a ruling on that objection. The Supreme Court of Texas has held an untimely filed affidavit—without some indication that the trial court granted leave to file untimely evidence—"was not properly before the trial court" in the summary judgment context. *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). This court has held that a logical extension of this rule is that parties "[a]re not required to object to [a] response as untimely filed." *Neimes v. Ta*, 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet. dism'd by agr.). Without any substantive discussion, the majority creates new law and recognizes a contrary rule for a nearly identical set of circumstances.

Goodyear presented no timely evidence to support its objections and assertions of privilege. *See* TEX. R. CIV. P. 193.4(a). Goodyear failed to obtain the trial court's permission to present evidence served on plaintiffs the day before the motion to compel hearing. Plaintiffs were not required to object to the evidence as untimely, and the trial court expressly declined to consider Goodyear's evidence because it was untimely. Thus, there was no evidence before the trial court to support Goodyear's objections to plaintiffs' discovery request. Because Goodyear failed to support its objections and assertions of privilege under Rule 193.4, this case is readily distinguishable from *Michelin* and *Goodyear*, in which the relators presented evidence to support their objections.

### THE MAJORITY ERRS BY NOT READING THE TRIAL COURT'S ORDER AS A WHOLE

The majority also holds, without explanation, "[t]he discovery order requires the creation of evidence." Goodyear argues the trial court's order requires the creation of new evidence by ordering Goodyear to build tires it does not currently manufacture. A trial court's order "is to be read as a whole" and "should be interpreted with reference to the entire order." *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 405 (Tex. 1971). First, the trial court's order expressly provides, "***Goodyear is not required to make any new tire designs or perform any new tire manufacturing processes that do not already exist***." Second, the order expressly limits the order to "***allow[ing] nothing but visual observation and videotaping***" of the normal operation of the tire-building machine that was used in the manufacturing of the tire that is the subject of this lawsuit (or a nearly identical machine). Third, the order contains no decretal language requiring Goodyear to do anything except to "allow visual observation and videotaping" of "the RTN tire machines."

Fourth, the language on which Goodyear relies is descriptive of ***the machines*** plaintiffs may video record; it is not prescriptive of any further action by Goodyear. The trial court's order contemplates Goodyear might be unable to determine the exact machine that built the tire at issue. Because Goodyear admitted it has several similar tire-building machines that were used to manufacture the subject tire and no longer makes the subject tire, the order clarifies which machines may be observed and video recorded ***by reference to the tires Goodyear is currently making with those machines***. Contrary to the majority's and Goodyear's suggestions, there is nothing in the trial court's order requiring Goodyear to make, manufacture, or design a new tire, and the order does not require Goodyear to interrupt existing operations. Although the trial court's order is not a model of clarity, it simply does not require Goodyear to create a tire wholly out of new cloth.

**THE MAJORITY ERRS BY FAILING TO ACCOUNT FOR GOODYEAR'S JUDICIAL ADMISSIONS THAT EFFECTIVELY DISTINGUISH THIS CASE FROM *MICHELIN* AND *GOODYEAR***

The majority incorrectly states plaintiffs, during their inspection and recording, "will observe and record work . . . using different or modified machines." The majority ignores Goodyear's judicial admissions during the motion to compel hearing and oral argument. Goodyear admitted in the trial court and during oral argument that the tire at issue was created using a particular tire-building machine that the parties refer to as an "RTN" machine. Goodyear admitted during the motion to compel hearing that Goodyear had ten of those RTN machines at its Danville plant. Goodyear represented to this court at oral argument that when it manufactured the tire at issue, it had ten such RTN machines, and it continues to use three of those RTN machines. Thus, it is undisputed that Goodyear is currently using either the exact same RTN machine that built the tire at issue or an RTN machine that is nearly identical to the machine that built the tire at issue. Consequently, the majority errs by relying on *Goodyear*, in which "[t]he undisputed affidavit evidence. . . established . . . the  equipment . . . used to manufacture the tire had been removed from the plant." 437 S.W.3d at 915. *Michelin* is also distinguishable because in that case the relator produced evidence showing the machines to be inspected had been modified. Here, Goodyear failed to produce evidence showing it does not have the RTN machine used to build the tire at issue or a nearly identical machine.

Plaintiffs' suit includes allegations that Goodyear designed and manufactured a defective tire. It is inconceivable that an inspection and observation of the RTN machine used to manufacture and design the tire at issue is not reasonably calculated to lead to the discovery of at least some admissible evidence to prove plaintiffs' manufacturing and design defect claims. *See Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 352 (Tex. 2015) (requiring, for a manufacturing-defect claim, plaintiffs to prove product deviated from design); *Smith v. Aqua-Flo, Inc.*, 23 S.W.3d 473,

477 (Tex. App.—Houston [1st Dist.] 2000, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 82.005). Therefore, plaintiffs' request falls squarely within the scope of permissible discovery. *See* TEX. R. CIV. P. 192.3(a). Because Goodyear presented no timely evidence to support its objections and assertions of privilege, the trial court did not abuse its discretion. For these reasons, Goodyear's request for mandamus relief must be denied.

Luz Elena D. Chapa, Justice