## Ex parte Tracy FRANKLIN.

Nos. 09–09–00320–CR, 09–09–00321–CR.

Court of Appeals of Texas, Beaumont.

Submitted April 8, 2010.

Decided May 5, 2010.

Bryan Laine, Beaumont, for appellant.

Tom Maness, Crim. Dist. Atty., Ann Manes, Asst. Crim. Dist. Atty., Beaumont, for the State.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

In two separate cases,[1] Tracy Franklin appeals and argues that the trial court

---

1. The cases were appealed separately to this Court. As both cases present identical records and briefs, we address them in one opinion.

abused its discretion in failing to conduct evidentiary hearings on his writs of habeas corpus. Franklin asserts that the trial court improperly stated and misapplied the standard for evaluating the evidence that Franklin used to support his applications for writs of habeas corpus. Franklin asserts in his applications that he is innocent of the two crimes for which he had been convicted. We reverse, remand the two cases to the trial court, and instruct the trial court to conduct evidentiary hearings on Franklin's claims of innocence.

In separate cases and for separate offenses (trial cause numbers 91799–B and 91802–B), the State indicted Franklin for aggravated sexual assault of a child. In both cases, Franklin waived his right to a jury trial. Franklin then pled no contest to the charges in each case. Subsequently, in each case, the trial court found Franklin guilty, deferred adjudication of Franklin's guilt, placed Franklin on unadjudicated community supervision for ten years, and assessed a $2,000.00 fine. Although Franklin appealed, this court affirmed the trial court's judgments in 2007.[2]

In 2009, alleging that newly discovered evidence proved his innocence of having sexually assaulted S.D., Franklin filed applications under the provisions of section 11.072 of the Texas Code of Criminal Procedure seeking writs of habeas corpus.[3] *See* TEX.CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005). Franklin's application includes the affidavit of S.D., dated July 25, 2006, which states: "I made up the story of [Franklin] molesting me to get him away from my mother and me." S.D.'s affidavit also contains S.D.'s explanation about the circumstances that led her to provide the account she gave at the time of Franklin's trials, and why she now wanted to "testify to the truth."

The State filed answers to Franklin's applications in June 2009. In connection with cause number 91799–B, the State attached to its answer an affidavit dated January 23, 2008, that S.D. provided to an investigator in the District Attorney's office. S.D.'s 2008 affidavit states that her 2006 affidavit was untrue, and also states that "[Franklin] really did molest me and everything I said in court was true." S.D.'s 2008 affidavit asserts that she provided the earlier affidavit because Franklin promised to provide S.D. and her mother with financial assistance. The State also attached an affidavit from S.D.'s mother that she provided to the District Attorney on January 24, 2008. The affidavit of S.D.'s mother suggests that Franklin obtained S.D.'s cooperation by promising to help S.D. financially. In cause number 91802–B, the State's answer references the affidavits of S.D. and her mother, but the affidavits are not contained in the record before us.

The trial court denied Franklin's applications for writs of habeas corpus without conducting evidentiary hearings and filed findings of fact and conclusions of law in each case. The trial court's findings and conclusions are identical in both cases. In its conclusions of law, the trial court concludes that "the affidavits of complainant and her mother do not prove Applicant is innocent, nor do they challenge the determination of Applicant's guilt. The affidavits, taken as a whole, reaffirm the factual basis supporting a finding of guilt beyond a reasonable doubt."

---

**2.** *See Franklin v. State,* Nos. 09–06–164 CR, 09–06–165 CR, 2007 WL 1219473 (Tex.App.-Beaumont, Apr. 25, 2007, no pet.) (not designated for publication).

**3.** In 2007 and 2008, Franklin filed 11.07 and 11.08 applications for writs of habeas corpus, but they were both withdrawn by Franklin and then denied by the trial court because they were not based on section 11.072.

## Standard of Review

■ Franklin's applications advance the claim that he is actually innocent of the sexual assaults, thus he asserts a *Herrera* claim.[4] "[A] *Herrera* claim—is a substantive claim in which the person asserts a 'bare claim of innocence' based solely on newly discovered evidence." *Ex parte Brown*, 205 S.W.3d 538, 544 (Tex.Crim. App.2006) (citation omitted). In *Ex parte Brown*, the Court of Criminal Appeals stated that to be entitled to a hearing, "the applicant must make a claim that, if true, establishes affirmative evidence of his innocence." *Id.* at 546. "Once the applicant provides such evidence, it is then appropriate to proceed with a determination of whether the applicant can prove by clear and convincing evidence that no reasonable juror would have convicted him in light of the newly discovered evidence." *Ex parte Franklin*, 72 S.W.3d 671, 678 (Tex.Crim. App.2002).

The question of whether Franklin's evidence entitled him to evidentiary hearings on his applications is a "mixed question of law and fact" that does not depend on the affiant's credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim. App.1997). *Brown* explains that "the evidence presented must constitute affirmative evidence of the applicant's innocence." *Ex parte Brown*, 205 S.W.3d at 546 & n. 21. Therefore, as the determination at this stage does not require the trial court to weigh the exculpatory evidence, the issue is reviewed on appeal under a *de novo* standard. *Guzman*, 955 S.W.2d at 89.

■ In addition, as in this case, when the trial judge is not in an appreciably better position than the reviewing court, a *de novo* review by the appellate court is appropriate. *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex.Crim.App.1999) (citing *Guz-*

*man*, 955 S.W.2d at 89). Here, the habeas judge did not preside over the prior trial proceeding, so the judge did not have personal knowledge of the trial and did not personally view the witnesses testifying. In *Martin*, the only evidence submitted was an affidavit from the State and the only issue before the habeas and reviewing courts was whether the facts in that case amounted to good cause, so a *de novo* review was appropriate. 6 S.W.3d at 526. As in *Martin*, a *de novo* review is appropriate in this case because the only evidence submitted consists of affidavits, and the only issue before this Court is whether the affidavits establish affirmative evidence of Franklin's innocence entitling him to evidentiary hearings.

## Analysis

■ Franklin asserts that based on the evidence submitted with his applications, he was entitled to evidentiary hearings. Thus, the question we must decide is whether Franklin's "newly discovered evidence," which in this case consists of S.D.'s 2006 affidavit, "establishes affirmative evidence" of Franklin's innocence. *See Ex parte Brown*, 205 S.W.3d at 544, 546.

S.D.'s affidavit states that she "made up the story" she provided at trial, and then states that Franklin "did not touch me or molest me in any inappropriate way." The Court of Criminal Appeals, addressing the procedure to follow in resolving an application for habeas relief, states that:

When an applicant asserts a *Herrera*-type claim based on newly discovered evidence, the evidence presented must constitute affirmative evidence of the applicant's innocence. Once the applicant provides such evidence, it is then appropriate to proceed with a determination of whether the applicant can prove by

---

4. *See Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).

clear and convincing evidence that no reasonable juror would have convicted him in light of the newly discovered evidence.

*Ex parte Franklin,* 72 S.W.3d at 678 (citation omitted). We conclude that S.D.'s 2006 affidavit, if true, constitutes affirmative evidence of Franklin's innocence.

The purpose of the evidentiary hearing, according to the Court of Criminal Appeals, is to allow the trial judge to assess the witnesses' credibility, to examine the newly discovered evidence, and to determine whether the new evidence, when balanced against the inculpatory evidence, unquestionably establishes the applicant's innocence. *Ex parte Brown,* 205 S.W.3d at 546. While the trial judge is required to hold a hearing under circumstances where newly discovered evidence, if believed, establishes the defendant's innocence, it is not clear how formal the hearing must be. Chapter 11 of the Code of Criminal Procedure contemplates a hearing with live testimony that is most likely subject to the rules of evidence. 43B GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE & PROCEDURE § 47.49 (2nd ed. 2001). As Dix and Dawson note, article 11.48 states that proof shall be heard accordingly, both for and against the applicant for relief. *Id.;* (quoting TEX.CODE CRIM. PROC. ANN. art. 11.48 (Vernon 2005)). Further, article 11.44 directs the court to proceed according to the facts and circumstances after it has heard the testimony offered on both sides. § 47.49, *see also* TEX.CODE CRIM. PROC. ANN. art. 11.44 (Vernon 2005).

In this case, Franklin presented newly discovered evidence in the form of an affidavit executed by S.D., the child victim, in which she recanted her trial testimony that Franklin molested her. Although she later recanted that affidavit, the Court of Criminal Appeals has directed that the credibility of the newly discovered evidence is to be tested at a "hearing." *See Ex parte Brown,* 205 S.W.3d at 546; *Ex parte Franklin,* 72 S.W.3d at 678. As Justice Cochran has explained, "[t]rial judges who are confronted with contradictory affidavits, each reciting a plausible version of the events, ought to convene an evidentiary hearing to see and hear the witnesses and then make a factual decision based on an evaluation of their credibility." *Manzi v. State,* 88 S.W.3d 240, 255 (Tex. Crim.App.2002) (Cochran, J., concurring). And "[i]n cases where such a hearing would be impracticable, [ ] trial judges should place on the record their rationale for deciding, from the face of opposing affidavits, why the light was red rather than green, and why it was impracticable to conduct an evidentiary hearing." *Id.* In *Ex parte Tuley,* a case involving a victim of sexual assault that later recanted her trial testimony, we further notice that the Court of Criminal Appeals relied in part upon testimony that had been given at an evidentiary hearing on the writ application in finding that habeas relief was appropriate. 109 S.W.3d 388, 395–97 (Tex.Crim. App.2002).

We are aware of several cases in which appellate courts have concluded a hearing is not required for a trial court to make a determination on the merits of 11.072 writ applications, but these cases are distinguishable, as the claims advanced by the respective applicants did not involve claims of actual innocence. These courts of appeals, including ours, have determined that the trial court is not required to hold oral hearings in order to determine whether to deny an 11.072 application for a writ of habeas corpus application alleging ineffective assistance of counsel. *See Ex parte Luciw,* No. 03–08–00445–CR, *2, *4 2009 WL 5150018 (Tex.App.-Austin Dec. 31, 2009, no pet.) (mem. op., not designated for

publication) (no error in not ordering a hearing on claims alleging improper venue, illegal search and seizure, and ineffective assistance of counsel); *Ex parte Cano*, No. 04–08–00203–CR, 2008 WL 4500306, at **1–2 (Tex.App.-San Antonio Oct. 8, 2008, pet. ref'd) (mem. op., not designated for publication) (trial court did not err by not conducting an evidentiary hearing on 11.072 writ application that alleged ineffective assistance); *Ex parte Faulkner*, No. 09–05–478 CR, WL 3094339, * 4 (Tex.App.-Beaumont Nov. 1, 2006, pet. ref'd) (mem. op., not designated for publication) (where trial judge had prior knowledge of the case, trial court did not abuse its discretion in deciding the merits of the 11.072 application upon affidavits on applicant's claim of ineffective assistance); *Ex parte Garcia*, No. 10–06–0067–CR, 2006 WL 2876758, * 1 (Tex.App.-Waco Oct. 4, 2006, no pet.) (mem. op., not designated for publication) (trial court did not err in not conducting a hearing when no hearing was requested and 11.072 writ alleged ineffective assistance); *Ex parte Cummins*, 169 S.W.3d 752, 757–58 (Tex.App.-Fort Worth 2005, no pet.) (trial court not required to hold hearing where 11.072 writ application alleged ineffective assistance of counsel).

We conclude that because Franklin asserted a claim that he was actually innocent, the trial court should have conducted evidentiary hearings to allow Franklin the opportunity to call S.D. as a witness and to allow S.D. to provide an explanation about which of her accounts is accurate.[5] If Franklin chose not to call her, or if the trial court explains why the hearing is impractical, the trial court can then proceed to make its determination based on its assessment of all the affidavits together with the inculpatory evidence from Franklin's trials. *Ex parte Brown*, 205 S.W.3d at 546.

Because we find that the trial court erred in refusing to conduct evidentiary hearings, we reverse the trial court's June 25, 2009 orders and remand the cases, and instruct the trial court to conduct evidentiary hearings, unless it is not practical to do so. *See generally* Tex.R.App. P. 31.3 (In habeas appeals, "[t]he appellate court will render whatever judgment and make whatever orders the law and the nature of the case require.").

We reverse the trial court's orders in trial cause numbers 91799–B and 91802–B and remand the cases to the trial court for further proceedings consistent with our opinion.

REVERSED AND REMANDED.

DAVID GAULTNEY, Justice, dissenting.

I respectfully dissent. The complaining witness disavowed her 2006 affidavit, and signed an affidavit consistent with her trial testimony. She says "everything I said in court was true." The 2006 recanted affidavit is insufficient to entitle defendant to habeas relief.

---

5. We do not reach the question of whether a habeas court is required to have a hearing when the habeas court has personal knowledge of the prior trial proceedings, and therefore has knowledge of the witness from the prior proceedings. In this case, the trial judge that presided over Franklin's trial had retired; consequently, the judge that conducted the determination in the habeas case had no personal knowledge of S.D.'s testimony from the proceedings that resulted in Franklin's two convictions.