June 11-2015

Lennis Duhon #888996
All Red Unit
2101 FM 369 N
Iowa Park, TX 76367

57,836-02

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 18 2015
Abel Acosta, Clerk

Cleck
Court of Criminal Appeals
P.o. Box 12308 Capital Station
Austin, Texas 78711

Case number 813311-B in The
176th Court in Harris County.

Dear Cleck,

    I am send you a Copy of The Response
I did to The findings of fact of The Trial
Court, I send The Trial court The Respond on
June 3-2015. I don't Know if The Harris County
forwarded a Copy to You. MY Attorney MS. Frances
M Northcutt do Not Communication with me she
do not let me Know Nothing. She was Appointo on
May 21-2009 to interview The witnesses and Prepare
for a evidentiary hearing, she did not interview
all The witnesses, The witnesses Try to Contact
her. She did not Answer her Phone.
                    Thank
                    You

Sicerely,
Lennis Duhon
Lennis Duhon

CAUSE NO. 813311-B

EX PARTE,                          §        IN THE 176TH DISTRICT
                                   §        COURT OF
LENNIS J. DUHON                    §        HARRIS COUNTY,TEXAS
APPLICANT

APPLICANT'S OBJECTION
TO CONSTITUTIONAL VIOLATION OF DUE PROCESS
OF LAW AND TRIAL COURT'S F.C.R. IN THIS CAUSE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW,LENNIS J. DUHON,APPLICANT,IN THE ABOVE-STYLED AND NUMBERED CAUSE HEREBY ENTERS HIS OBJECTION TO CONSTITUTIONAL VIOLATION OF DUE PROCESS OF LAW AND THE TRIAL COURT'S F.C.R. TO DENY ACTUAL INNOCENCE BECAUSE APPLICANT FAIL TO STATE JURY WOULD HAVE FOUND HIM INNOCENCE/GUILTY BASED ON NEW EVIDENCE.

FIRST,IN ACTUAL INNOCENCE CLAIMS,AN APPLICANT IS ENTITLED TO AN EVIDENTIARY HEARING (SEE: EX PARTE,FRANKLIN,310 S.W. 3d 918 9TH DIST. 2010).

IN THIS INSTANT CASE AN EVIDENTIARY HEARING WAS ORDERED AND COUNSEL FOR APPLICANT WAS THEN APPOINTED,HOWEVER,AFTER (6) YEARS,NO HEARING HAD EVER TAKEN PLACE AS ORDERED,DEPRIVING THE APPLIVCANT,OF FURTHER EVIDENCE THAT WOULD HAVE BEEN FURTHER DISCOVERED BY WITNESSES,SUCH AS WHY THEY DID NOT COME FORTH BEFORE NOW,AND IF THEY DID,DID THEY ADVISE THE PROSECUTOR OF THE INFORMATION WHICH COULD SHOW BRADY VIOLATION AND OTHER VIOLATIONS TO SUPPORT ACTUAL INNOCENCE WHERE IF THE JURY HAD HEARD THE EVIDENCE CONTAINED IN THE AFFIDAVITS OF THE DRAPHER DUHON,MAXIE MORRISON,MARIE DUHON,AND DANNY BROUSSARD,THAT THE DEFENDANT LENNIS J. DUHON,WAS 261 MILES FROM OFFENSE LOCATION AT THE TIME AND DATE OF THE OFFENSE AND HE COULD NOT POSSIBLY BE GUILTY OF THE CRIME OF MURDER,COMBINED WITH THE FACT THERE WAS NO FORENSIC EVIDENCE,NO WEAPONS FOUND,NO GUN SHOT,NO DNA, AND NO WITNESS OTHER THAN CRISPIN ARISOLA,NO REASONABLE JUROR COULD HAVE FOUND MR. DUHON GUILTY (ALSO SEE PAGE 15 OF APPLICATION).

SECOND,APPLICANT RECEIVED NO NOTICE TO FILE TIMELY OBJECTION OF F.C.R. BY COURT,THIS ALSO IS A VIOLATION OF DUE PROCESS AND DUE COURSE OF LAW..

(1)

BY DENYING APPLICANT HIS ENTITLEMENT TO REPLY BY OBJECTION TO THE COURT'S F.C.R. FOR CONSIDERATION OF THE STATE'S HIGHEST COURT IN DECIDING HIS HABEAS CLAIMS.

THIRD, THE COURT IN IT'S F.C.R. ALLEGE IN IT'S FINDING OF HIS ACTUAL INNOCENCE CLAIM THAT THE APPLICANT FAILS TO DEMONSTRATE THAT, BY A PREDONDERANCE OF THE EVIDENCE, NO RATIONAL JUROR COULD HAVE FOUND THE APPLICANT GUILTY BEYOND A REASONABLE DOUBT.

HOWEVER, IN HIS APPLICATION STATED THE FACT THAT THERE WAS NO FORENSIC EVIDENCE NO WEAPON FOUND, NO GUN SHOT RESIDUE, NO DNA, AND THAT THERE WAS ONLY ONE WITNESS AGAINST HIM, BUT (4) NEW WITNESSES AND THE FACT THAT THE DEFENDANT HAD NO KNOWLEDGE OF THE MURDER OR WHAT HAPPEN AT THE APARTMENT ON JANUARY 15,1999, (SEE APPLICATION PAGE 15) NO REASONABLE JUROR COULD HAVE FOUND HIM GUILTY BEYOND A REASONABLE DOUBT, AND FURTHER ON APPLICANT FURTHER STATES THIS ARGUMENT(SEE APPLICATION, PAGE 18 LINES 10-14) (ALSO SEE SUPRA PAGE 20 LINES 1-5).

FOURTH, THE COURT CLAIMS THE APPLICANT FAIL TO INCLUDE SUFFICIENT FACTS THAT CLAIM OF ACTUAL INNOCENCE COULD NOT HAVE BEEN RAISED IN PREVIOUS HABEAS APPLICATION STATES DRAPER DUHON WAS COERSE BY THE STATE AND HAD JUST NOW COME FORTH (SEE APPLICATION PAGE 16 LINES 1-8 OF AGRUMENT).

LASTLY, THE ERRORS RAISED ARE FUNDAMENTAL ERRORS AND IN THE STATE OF TEXAS UNDER LOPEZ V STATE 708 S.W. 2d 446,-50, FUNDAMENTAL ERRORS MAY BE RAISED FOR FIRST TIME, TO ANY STATE COURT, ALTHOUGH THEY ARE UNASSIGNED, THIS IS A STATE PROCEDURAL EXCEPTION RULE, AS SUCH, THE BAR OF FAILURE TO RAISE CLAIMS ON PREVIOUS HABEAS APPLICAT-IONS IS NOT BASED ON CONSISTANTLY PRACTICES STATE RULE, FOR FUNDAMENTAL UNASSIGNED ERRORS. TEXAS DOES NOT CONSISTANTLY PRACTICE TO BARRING OF ACTUAL INNOCENCE AND FUNDAMENTAL ERROR CLAIMS IN HABEAS SUBSEQUENT APPLICATIONS AND IS IT,S SELF BARRED FROM BARRING SUCH CLAIMS UNDER LOPEZ, SUPRA. I OBJECT TO THE BAR OF EACH CLAIM IN THIS HABEAS APPLICATION AS WELL AS, ALL THE ABOVE MENTION THRUOUT THIS OBJECTION, INCLUDING THE VIOLATION OF DUE PROCESS OF LAW FOR 1)FAILING TO HOLD EVIDENTIARY HEARING 2)FAILING TO ISSUE ANY NOTICE TO APPLICANT FOR FILING OF HIS OBJECTION TO THE COURT'S F.C.R.; AND 3)FAILURE TO HEAR FUNDAMENTAL HEARINGS. PLUS AS STATED ALL ABOVE ARGUMENT FOR OBJECTIONS.

(2)

CONCLUSION

APPLICANT REQUEST EVIDENTIARY HEARING BE HELD,AND OBJECTION BE FILED,AS HEREBY ENTERED.APPLICANT,REQUEST THE COURT OF CRIMINAL APPEALS TO HEAR THE CAUSE DE NOVO,AND GRANT RELIEF OF HABEAS CORPUS,AS REQUESTED IN APPLICATION.

RESPECTFULLY SUBMITTED

_Lennis Duhon_ #888996 6-3-2015
LENNIS J. DUHON #888996
AllRed Unit
2101 Fm 369N
Iowa Park, TX 76367

(3)