ACCEPTED
07-15-380
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
11/25/2015 9:40:38 AM
Vivian Long, Clerk

NO. 07-15-00380-CR

In The

# Seventh Court of Appeals

Amarillo, Texas

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
11/25/2015 9:40:38 AM
VIVIAN LONG
CLERK

**In Re Rene Pesina**

On Appeal from Cause 2420-A
72nd District Court, Crosby County, Texas
Honorable Ruben Reyes, Judge Presiding

## APPELLANT'S BRIEF

BENJAMIN P. GARCIA
State Bar No. 24073120
WARE SHAY & GARCIA, PLLC
1915 Broadway
Lubbock, Texas  79401
(806) 763-5044 – Phone
(806) 765-7536 – Fax
benpgarcia@aol.com
Counsel for Appellant,
Rene Pesina

**Oral Argument Requested**

# IDENTITIES OF PARTIES AND COUNSEL

**Appellant**
    Rene Pesina

**Counsel for Appellant**
    Benjamin P. Garcia
    Ware Shay & Garcia, PLLC
    1915 Broadway
    Lubbock, TX 79401

**Appellee**
    The State of Texas

**Counsel for Appellee**
    Michael Sales
    Crosby County Attorney
    201 W. Aspen St., # 106
    Crosbyton, TX 79322

# TABLE OF CONTENTS

*Page*

IDENTITY OF PARTIES AND COUNSEL ............................................i

TABLE OF CONTENTS ...................................................................ii

INDEX OF AUTHORITIES..............................................................iv

STATEMENT OF THE CASE ...........................................................v

STATEMENT REGARDING ORAL ARGUMENT ............................vii

ISSUES PRESENTED.....................................................................viii

STATEMENT OF FACTS................................................................ix

SUMMARY OF ARGUMENT..........................................................xii

STANDARD OF REVIEW ...............................................................xiii

ARGUMENT ..................................................................................1

    I.    This Court should reverse and instruct the district court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence because Appellant asserted a claim that, if true, would establish affirmative evidence of his innocence .................1

    II.    This Court should reverse and instruct the district court to hold an evidentiary hearing on Appellant's other claims of entitlement to habeas relief because Appellant should be

permitted to develop all asserted grounds for habeas relief in an evidentiary hearing where he is entitled to develop his *Herrera*-claim of actual innocence in an evidentiary hearing ....................6

III.    This Court should reverse and instruct the district court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence to allow Appellant to subpoena the "reluctant" recanting victim to explore the recantation .........8

PRAYER ....................................................................................12

CERTIFICATE OF COMPLIANCE .......................................13

CERTIFICATE OF SERVICE ..............................................14

# INDEX OF AUTHORITIES

*Page*

***Constitutional Provisions***

U.S. Const., Fourteenth Amendment .................................................9, 12

Texas Const., Art. 1, Sect. 19................................................................3

***Statutes***

Tex. Code Crim. P., Art. 11.072 ...................................... xiii, xv, 1, 8, 12

***Cases***

*Ex Parte Brown*, 205 S.W.3d 538 (Tex. Crim. App. 2006)...............2, 5-6

*Ex Parte Franklin*, 72 S.W.3d 671 (Tex. Crim. App. 2002).................5-6

*Ex Parte Franklin*, 310 S.W.3d 918
(Tex. App.—Beaumont 2010) ..................................................xiii, xv, 1-5

*Matthews v. Eldridge*, 424 U.S. 319 (1976) .....................................9, 11

## STATEMENT OF THE CASE

On February 5, 1996, the Honorable Blair Cherry, District Judge of the 72nd District Court, Crosby County, in cause number 2420, placed Appellant on deferred adjudication probation for indecency with a child. (C.R. at 24.) On July 20, 2015, Appellant filed a verified petition for writ of habeas corpus, under article 11.072 of the TEXAS CODE OF CRIMINAL PROCEDURE, advancing the following four grounds for habeas relief: (1) actual innocence based on newly discovered evidence, to wit: the recatnation of M.M., formerly known as M.P.; (2) ineffective assistance of counsel; (3) involuntariness of plea because of ineffective assistance of counsel; and (4) violation of *Brady v. Maryland*. (C.R. at 4-11.)

On August 24, 2015, without holding an evidentiary hearing, the Honorable Ruben Reyes, District Judge of the 72nd District Court, Crosby County, entered an order denying Appellant's Application for Writ of Habeas Corpus. (C.R. at 59-65.)

On September 21, 2015, Appellant filed a Motion for Reconsideration and Request for Evidentiary Hearing in which he argued that he was entitled to an evidentiary hearing because he

asserted a claim of actual innocence based on newly discovered evidence and under principles of Due Process. (C.R. at 66-74.) In said Motion, Counsel for Appellant made the trial court aware of the recantation of M.M.. (C.R. at 69-70.) Additionally, in said Motion, Counsel for Appellant made the trial court aware of (a) the fact that Appellant was unable to secure an affdiavit from M.M. regarding this recantation, (b) the fact that M.M. hired an attorney to contact Counsel for Appellant regarding her unwillingness to sign an affidavit, and (c) the fact that Counsel for Appellant planned on calling M.M. as a witness during an evidentiary hearing on Appellant's habeas petition. (C.R. at 70.) On September 28, 2015, the trial court denied Appellant's Motion for Reconsideration and Request for Evidentiary Hearing. (C.R. at 77.)

Appellant now appeals the aforementioned rulings of the trial court, having filed his notice of appeal on September 29, 2015 (C.R. at 75-76), and having obtained an extension of time to file appeal from this Honorable Court on October 16, 2015.

# STATEMENT REGARDING ORAL ARGUMENT

Appellant respectfully requests oral argument and submits that it should be permitted because it would allow a more thorough discussion of how *Ex Parte Franklin*, 310 S.W.3d 918 (Tex. App—Beaumont 2010) and *Ex Parte Brown*, 205 S.W.3d 538 (Tex. Crim. App. 2006) should apply to the unusual circumstances in this case, the rule proposed in issue 3, and the competing interests at stake in connection with said proposed rule.

# ISSUES PRESENTED

***Issue 1 -*** When a habeas petitioner asserts a *Herrera*-claim of actual innocence based on newly discovered evidence, the trial court should conduct an evidentiary hearing. In this case, the trial court refused to hold an evidentiary hearing. As his first issue, Appellant asks this Court: did the trial court err by refusing to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence?

***Issue 2 -*** When a habeas petitioner is entitled to an evidentiary hearing on one of the grounds asserted for habeas relief, the petitioner should be permitted to advance all the remaining grounds in the evidentiary hearing. In this case, the trial court refused to hold an evidentiary hearing on all of Appellant's grounds for habeas relief. As his second issue, Appellant asks this Court: did the trial court err by refusing to hold an evidentiary hearing on Appellant's non-*Herrera* claims for habeas relief.

***Issue 3 -*** Procedural due process requires an opportunity to be heard at a meaningful time in a meaningful manner. In this case, the victim in the underlying case has made written statements consistent with Appellant's right to habeas relief, but refused to provide an affidavit to habeas counsel. Therefore, Counsel for Appellant was reqruied to subpoena her to an evidentiary hearing to explore the recantation. As his third issue, Appellant asks this Court: did the trial court err in refusing to hold an evidentiary hearing at which the "reluctant" recanting victim could be compelled to testify?

# STATEMENT OF FACTS

On February 5, 1996, the Honorable J. Blair Cherry, District Judge of the 72nd District Court, Crosby County, in cause number 2420, placed Appellant on deferred adjudication probation for indecency with a child. (C.R. at 24.) The victim in said case was named M.P., now M.M. (C.R. at 5, 15, 23).

M.M. has recently recanted her accusations; she wrote in an electronic message "cause what I can recall is that [Appellant] didn't do anything to me and I wrote that in the statement too many years ago . . . ." (C.R. at 5-7, 69-70, 73-74.) Appellant hired Counsel for Appellant to pursue a writ of habeas corpus based on this recantation, and other grounds advanced by Counsel for Appellant; however, M.M. was extremely reluctant "to get involved." (*See* C.R. at 70.) Counsel for Appellant attempted to contact M.M. prior to filing the Petition for Writ of Habeas Corpus, but she hired an attorney who sent a letter to counsel for Appellant advising that M.M. would not sign an affidavit and did not wish to speak with Counsel for Appellant. (C.R. at 70.)

Regarding the second and third grounds for habeas relief, Appellant was not informed of the consequences of his guilty plea—to

wit: that he would be required to register as a sex offender—and, in fact, he was told the opposite: that he would not be required to register as a sex offender, since he was only being placed on deferred adjudication, not convicted. (C.R. at 7-10.) This was contrary to the law in effect on the date of Appellant's guilty plea. (C.R. at 9.) This fact was the basis of Appellant's second and third ground advanced for habeas relief, ineffective assistance of counsel and involuntariness of plea. Gene Walters, Counsel for Appellant in the underlying case, indicated that he did not have any "independent recollection of anything that happened in the case." (C.R. at 43.) Gene Walters indicated in his affidavit for the State that, despite the fact that he has no independent recollection of Appellant's case, based on Mr. Walter's regular practices, Appellant must be mistaken about his allegations. (*See* C.R. at 43-44.)

Regarding the final ground for habeas relief, M.M. recently stated, in writing, that she indicated Appellant's lack of culpability to law enforcement in a written statement during the investigation in the underlying case. (*See* C.R. at 69-70, 73-74.)

On August 24, 2015, without holding an evidentiary hearing, the Honorable Ruben Reyes, District Judge of the 72nd District Court, Crosby County, entered an order denying Appellant's Application for Writ of Habeas Corpus (C.R. at 59-65.) and on September 28, 2015, the trial court denied Appellant's Motion for Reconsideration and Request for Evidentiary Hearing. (C.R. at 77.). Appellant now appeals these rulings.

# SUMMARY OF ARGUMENT

***Issue 1 -*** Appellant respectfully submits that, consistent with the holding in *Ex Parte Franklin*, 310 S.W.3d 918 (Tex. App.—Beaumont 2010), this Court should reverse and instruct the District Court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence because Appellant asserted a claim that, if true, would establish affirmative evidence of his innocence.

***Issue 2 -*** Appellant respectfully submits that this Court should reverse and instruct the trial court to hold an evidentiary hearing on Appellant's "non-*Herrera*" claims of entitlement to habeas relief because Appellant should be permitted to develop all asserted grounds for habeas relief where he is entitled to develop his *Herrera*-claim of actual innocence in an evidentiary hearing.

***Issue 3 -*** Appellant respectfully submits that, under principles of Due Process and to give effect to article 11.072 of the TEXAS CODE OF CRIMINAL PROCEDURE, this Court should reverse and instruct the trial court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence to allow Appellant to subpoena the "reluctant" recanting victim to explore her recantation.

## STANDARD OF REVIEW

While a trial court has discretion regarding whether to hold an evidentiary hearing, *see* TEX. CODE CRIM. P. art. 11.072, § 6(b), the standard of review, in this case, is *de novo* because (1) the issue of whether Appellant was entitled to an evidentiary hearing was a mixed question of law and fact and (2) the judge of the trial court in the underlying case was the Honorable J. Blair Cherry (C.R. at 24-25) and the judge in the writ proceeding was the Honorable Ruben Reyes (C.R. at 1, 65, 77) and, therefore, the trial court was not in an appreciably better position than this Court. *Ex Parte Franklin*, 310 S.W.3d 918, 921 (Tex. App.—Beaumont 2010) (applying *de novo* standard review in such a situation).

## ARGUMENT

**I. This Court should reverse and instruct the district court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence because Appellant asserted a claim that, if true, would establish affirmative evidence of his innocence.**

The Code of Criminal Procedure provides that a person may seek a writ of habeas corpus for relief from an order placing the individual on community supervision. TEX. CODE CRIM. P. art. 11.072, § 1. In cases in which a writ of habeas corpus is sought under article 11.072, the Court is required to enter a written order ruling on the application and, in doing so, "the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." TEX. CODE CRIM. P. art. 11.072, § 6(a)-(b). Therefore, the trial court has the discretion to order any or all of the aforementioned procedures. *See id.* However, in certain circumstances, the law requires the trial court to order a hearing, rather than simply ruling on the contents of the application, response, and their attachments. *Ex Parte Franklin*, 310 S.W.3d 918, 921-23 (Tex. App.—Beaumont

1

2010) (holding that habeas applicant was entitled to a hearing to explore recantation since applicant asserted a claim of actual innocence based on newly discovered evidence); *see Ex Parte Brown*, 205 S.W.3d 538, 546 (Tex. Crim. App. 2006) (recognizing that, before a habeas applicant is entitled to a hearing, they "must make a claim that, if true, establishes affirmative evidence of innocence").

In *Ex Parte Franklin*, Tracy Franklin filed applications for writs of habeas corpus and included an affdiavt from the victim in the underlying case in which she recanted her trial testimony. 310 S.W.3d at 920, 922. The trial court denied the applications for writs of habeas corpus without holding an evidentiary hearing. *Id.* at 920. On appeal, Franklin argued that the trial court abused its discretion in failing to conduct an evidentiary hearing. *Id.*at 919-20. The Beaumont Court of Appeals, however, determined that the appropriate standard of review was *de novo* because the issue of whether Franklin was entitled to a hearing was a mixed question of law and fact and the trial judge was not in an appreciably better position than the appellate court since the trial judge in the writ proceeding was not the judge at Franklin's trial. *Id.* at 921. For this same reason, *de novo* is the appropriate standard

of review in this case, as the case at bar involves a mixed question of law and fact, as to Appellant's entitlement to an evidentiary hearing, and the judge in the underlying case (Hon. J. Blair Cherry) was not the judge who presided in the habeas proceeding (Hon. Ruben Reyes). (C.R. at 1, 24-25, 65, 77.)

The *Franklin* Court characterized the claim advanced as a *Herrera*-claim because Franklin advanced the claim that he was actually innocent based on newly discovered evidence. *Franklin*, 310 S.W.3d at 921 (quoting *Ex Parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006)). The *Franklin* Court framed the issue as follows: "whether Franklin's 'newly discovered evidence,' which in this case consists of S.D.'s 2006 affidavit, 'establishes affirmative evidence' of Franklin's innocence." *Id.* In *Franklin*, the applicant was able to, and did, attach an affidavit from the victim in the underlying case indicating "she 'made up the story' she provided at trial, and then states that Franklin 'did not touch me or molest me in any inappropriate way.'" *Id.* The Beaumont Court of Appeals concluded that this affidavit was sufficient to entitle Franklin to a hearing because it, if true, constitutes affirmative evidence of Franklin's innocence. *Id.* at 923. The

3

Franklin Court wrote, "[w]e conclude that because Franklin asserted a claim that he was actually innocent, the trial court should have conducted evidentiary hearings to allow Franklin the opportunity to call S.D. as a witness and to allow S.D. to provide an explanation about which of her accounts is accurate." *Id.*

In this case, unfortunately, for reasons discussed more fully in Appellant's third issue, this is not the typical recantation situation, since M.M. indicated, in an electronic communication, that Appellant did not commit the underlying offense, but was unwilling to provide an affidavit for inclusion in Appellant's Application for Writ of Habeas Corpus. (C.R. at 69-70, 73-74.) And while Appellant was unable to procure an affidavit from M.M., formerly M.P., Appellant did produce to the trial court electronic messages from M.M. in which she indicates that Appellant did not do anything to her. (C.R. at 73-74.) Appellant respectfully submits that this constitutes a written recantation, despite the fact that it does not meet the formalities of an affidavit. In addition to this written recantation, the verified Application for Writ of Habeas Corpus alleges that Appellant "believes he will be able to present what qualifies as newly discovered evidence, the recantation of

4

M.M. . . . ." (C.R. at 6, 13.) Here, as in *Franklin*, Appellant asserted a claim that he was actually innocent based on newly discovered evidence and produced newly discovered evidence that, if believed, establishes affirmative evidence of his innocence. For these reasons, the trial court erred in refusing to hold an evidentiary hearing. *Id.* at 923.

Appellant respectfully submits that the threshold issue, with respect to a habeas applicant's entitlement to an evidentiary hearing on the issue of actual innocence based on newly discovered evidence, is most analogous to a burden of production. *See Ex Parte Brown*, 205 S.W.3d 538, 546 (Tex. Crim. App. 2006) (citing *Ex Parte Franklin*, 72 S.W.3d 671 (Tex. Crim. App. 2002)[1] (discussing the procedure for entitlement to a hearing and the purpose of the evidentiary hearing). This is so because the applicant must present evidence that constitutes affirmative evidence of the applicant's innocence and, once they do so, the cause can proceed to a determination of whether the applicant can meet its burden of persuasion. *Ex Parte Franklin*, 72 S.W.3d at 678 (Tex. Crim. App. 2002); *see also Ex Parte Brown*, 205 S.W.3d at 546 (providing that the habeas applicant must "make a

---

[1] Not to be confused with the similarly titled *Ex Parte Franklin*, from the Beaumont Court of Appeals, previously discussed.

claim that, if true, establishes affirmative evidence of innocence" before entitlement to a hearing).

Appellant met this burden of production (*see* C.R. at 73-74.), as required by *Ex Parte Franklin*, 72 S.W.3d at 678 (Tex. Crim. App. 2002), and made a claim that, if true, establishes affirmative evidence of innocence (*see* C.R. at 6, 13.), as required by *Ex Parte Brown*, 205 S.W.3d at 546. Appellant should be allowed, at an evidentiary hearing, to carry his burden of persuasion. This Court should reverse and instruct the trial court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence because appellant asserted a claim that, if true, would establish affirmative evdience of his innocence.

**II.    This Court should reverse and instruct the district court to hold an evidentiary hearing on Appellant's other claims of entitlement to habeas relief because Appellant should be permitted to develop all asserted grounds for habeas relief in an evidentiary hearing where he is entitled to develop**

6

**his *Herrera*-claim of actual innocence in an evidentiary hearing.**

As a practical matter, an applicant for a writ of habeas corpus who is entitled to an evidentiary hearing, as described in Appellant's first issue, should be permitted to advance all grounds raised for habeas relief at the evidentiary hearing. In this case, Appellant advanced the following four grounds for habeas relief: (1) actual innocence based on newly discovered evidence; (2) ineffective assistance of counsel; (3) involuntariness of plea because of ineffective assistance of counsel; and (4) violation of *Brady v. Maryland.* (C.R. at 4-11.) Since Appellant is entitled to an evidentiary hearing on the first ground, it only makes sense for Appellant to be permitted to address the second, third, and fourth grounds at such a hearing. Otherwise, the procedure would become unnecessarily complicated by different requirements of proof for the various grounds, with a portion of the grounds advanced being determined without an evidentiary hearing and the remainder being determined at an evidentiary hearing.

Furthermore, the language of the statute does not expressly authorize the trial court to order a hearing on only a portion of the application for writ of habeas corpus.  *See* TEX. CODE CRIM. P. art. 11.072, § 6(b).  Such a "bifurcation" is not expressly permitted by statute and Appellant respectfully submits that practical requirements neccessitate a rule that a habeas applicant is entitled to develop all asserted grounds for habeas relief in an evidentiary hearing where he is entitled to develop one or more of his grounds for habeas relief an evidentiary hearing.

For the aforementioned reasons, this Court should reverse and instruct the trial court to hold an evidentiary hearing on Appellant's "non-*Herrera*" claims of entitlement to habeas relief because Appellant should be permitted to develop all asserted grounds for habeas relief where he is entitled to develop his *Herrera*-claim of actual innocence in an evidentiary hearing.

**III.  This Court should reverse and instruct the district court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence to allow**

**Appellant to subpoena the "reluctant" recanting victim to explore the recantation.**

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits any state from depriving any person of life, liberty, or property without due process of law. Similarly, the Texas Constitution provides that "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disinfranchised, except by the due course of the law of the land." TEX. CONST. art. 1, § 19. Due process fundamentally requires the opportunity to be heard "at a meaningful time and in a meaningful manner." *Matthews v. Eldridge*, 424 U.S. 319 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

This case involves an unusual set of cirumstances, where the victim in the underlying criminal cause, M.M., indicated, in an electronic communication, that Appellant did not commit the underlying offense, but she was unwilling to voluntarily provide an affidavit for inclusion in Appellant's application for writ of habeas corpus. (C.R. at 69-70, 73-74.) And while Appellant was unable to procure an affidavit from M.M., formerly M.P., Appellant did produce to the trial court

9

electronic messages from M.M. in which she indicates that Appellant did not do anything to her. (C.R. at 73-74.) In such a situation, Appellant respectfully submits that Appellant should have been permitted to subpoena M.M. to an evidentiary hearing to explore her recantation.

Appellant does not argue that every habeas applicant in every situation should be permitted to call a victim to the witness stand. Such a rule would undoubtedly prove unworkable as convicted criminals would certainly attempt to re-litigate their cases. Rather, Appellant respectfully submits that an appropriate rule would be one that allows a habeas applicant, who advances a claim of actual innocence based on newly discovered evidence, to subpoena a victim to the habeas evidentiary hearing where the victim has made an unequivocal statement or statements regarding the applicant's innocence and that fact is demonstrable by substantial evidence. This rule would strike an appropriate balance between judicial economy and giving appropriate finality and respect to final judgments, on the one hand, and guaranteeing that an actually innocent habeas applicant has the procedural due process necessary to exonerate him or herself, on the other hand. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976) (analyzing

the level of procedures appropriate in particular circumstances by balancing various interests, including the private interest that will be affected by the action, the risk of erroneous deprivation of such interests through the procedures in place, and the government's interest, including financial and administrative burdens, that the additional requirements would entail.)  It would allow the habeas applicant the opportunity to be heard at a meaningful time and in a meaningful manner and to compel the recanting victim to testify regarding the recantation, where the applicant can make the threshhold showing that the victim has made an unequivocal statement or statements regarding the applicant's innocence and that fact is demonstrable by substantial evidence (*e.g.*, witness statements, recordings, written or electronic correspondence, etc.).

Appellant further respectfully submits that, in situations such as this, article 11.072 of the Texas Code of Criminal Procedure is rendered ineffective if the habeas applicant is unable to compel the recanting, but reluctant, victim to testify at an evidentiary hearing.  The legislature created a procedural framework for habeas relief in community supervision cases, but such framework does not guarantee an

actually innocent habeas petitioner the right to compulsory process to establish his innocence based on newly discovered evidence, such as a recantation. *See* TEX. CODE CRIM. P. art. 11.072. Is a habeas applicant with an open and forthcoming recanting victim any more innocent than a habeas applicant with a wary or inaccessible recanting victim? Again, Appellant does not suggest that all habeas applicants should be able to call victims to the witness stand in every situation, but only that habeas applicants should be able to do so where the victim has made an unequivocal statement or statements regarding the applicant's innocence and that fact is demonstrable by substantial evidence.

Appellant respectfully submits that, under principles of Due Process, under the Fourteenth Amendment of the United States Constitution and article 1, section 19 of the TEXAS CONSTITUTION, and to give effect to article 11.072 of the TEXAS CODE OF CRIMINAL PROCEDURE, this Court should reverse and instruct the trial court to hold an evidentiary hearing on Appellant's *Herrera*-claim of actual innocence to allow Appellant to subpoena the "reluctant" recanting victim to explore her recantation.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court reverse and instruct the 72nd District Court, Crosby County, to hold an evidentiary hearing on all grounds for habeas relief pled in Appellant's Application for Writ of Habeas Corpus or, in the alternative, at least his *Herrera*-claim of actual innocence based on newly discovered evidence. Appellant prays for such other and further relief to which he is justly entitled.

WARE SHAY & GARCIA, PLLC
1915 Broadway
Lubbock, Texas 79401
(806) 763-5044 – Phone
(806) 763-7536 – Fax

/s/ Benjamin P. Garcia
SBN 24073120
COUNSEL FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I certify that this brief contains less than 5,000 words.

/s/ Benjamin P. Garcia

## CERTIFICATE OF SERVICE

I certify that, on this, the 25th Day of November, 2015, a copy of Appellant's brief (redacted) was served on Appellee through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager or, if the email address of the party or attorney to be served is not on file with the electronic filing manager, it was served in person, by mail, by commercial delivery service, by fax, or by email, in compliance with TEXAS RULE OF APPELLATE PROCEDURE 9.5(b).

/s/ Benjamin P. Garcia