# NO. 12-20-00252-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 7TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *LISA DAVIS* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lisa Davis appeals the trial court's denial of her application for writ of habeas corpus. In one issue, Appellant argues that the trial court abused its discretion in denying her application. We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of a controlled substance. On April 4, 2019, Appellant, who was represented by counsel, was admonished and, pursuant to a plea bargain, pleaded "guilty" as charged. The court deferred finding Appellant "guilty" and placed her on community supervision for two years. Thereafter, the State filed a motion to proceed to final adjudication based on allegations that Appellant committed several violations of the terms of her community supervision.

Before the trial court ruled on the State's motion, Appellant filed an application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure, Article 11.072, in which she alleged that her previous trial counsel was ineffective during plea proceedings, which resulted in her being placed on community supervision because (1) there was insufficient evidence to support a conviction and (2) counsel failed to file a motion to suppress unspecified evidence for unspecified reasons.

On November 6, 2020, the trial court signed an order denying Appellant's writ application, finding that: (1) Appellant's plea of guilty and her sworn stipulation of evidence

constituted sufficient evidence of her guilt and (2) based upon offense reports contained in the presentence investigation report, Appellant was detained due to a traffic violation and subsequently consented to a search of her vehicle, which resulted in law enforcement's discovery of methamphetamine. The trial court further found that Appellant's writ application was "frivolous" and that Appellant was "manifestly not entitled to relief on said writ." This appeal followed.

### DENIAL OF APPLICATION FOR WRIT OF HABEAS CORPUS

In her sole issue, Appellant argues that the trial court erred in denying her application for writ of habeas corpus because (1) the trial court had no discretion but to issue the writ in compliance with Texas Code of Criminal Procedure, Articles 11.01, 11.02, 11.04, and 11.072 § 4(a), (2) the trial court improperly determined that the application was "frivolous" by failing to limit its consideration to the face of the application and any documents attached thereto or, alternatively, improperly denied the application on the merits without giving the State adequate opportunity to respond and providing Appellant the opportunity to have an evidentiary hearing, and (3) the trial court's improper denial of Appellant's application caused her harm.[1]

**Issuance of Writ**

Appellant first argues that the trial court abused its discretion by failing to issue the writ after she filed her application. Appellant previously made this same argument in her petition for writ of mandamus, and which this court resolved in its opinion dated January 29, 2021. *See **In re Davis***, No. 12-20-00255-CR, 2021 WL 306201, at *1 (Tex. App.–Tyler Jan. 29, 2021) (orig. proceeding) (mem. op., not designated for publication).

Under the law of the case doctrine, a court of appeals ordinarily is bound by its initial decision if there is a subsequent appeal in the same case. ***Briscoe v. Goodmark Corp.***, 102 S.W.3d 714, 716 (Tex. 2003). The law of the case doctrine states as follows:

> The "law of the case" doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. The doctrine is based on public policy and is aimed at putting an end to litigation.

---

[1] Appellant makes no argument with regard to the merits of her ineffective assistance of counsel claims. *See* TEX. R. APP. P. 38.1(i).

***Id.*** Although an original proceeding is not an "appeal," the law of the case doctrine applies when an issue has been resolved on the merits in a prior mandamus proceeding, even though it does not proceed to a court of last resort or the issues raised have not been resolved by a court of last resort. ***In re United Servs. Auto. Ass'n***, 521 S.W.3d 920, 927–28 (Tex. App.–Houston [1st Dist.] 2017, no pet.). A decision rendered on an issue before the appellate court does not bar absolutely reconsideration of the same issue on a second appeal. ***Briscoe***, 102 S.W.3d at 716. Application of the doctrine lies within the discretion of the court and depends on the particular circumstances surrounding that case. ***Id.***

In this court's opinion on Appellant's petition for writ of mandamus, we discussed the same argument Appellant now makes on appeal as follows:

> Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072 § 1 (West 2005). An application filed under Article 11.072 "must be filed with the clerk of the court in which community supervision was imposed." ***Id.*** § 2(a) . . . . A writ of habeas corpus "issues by operation of law" when the application is filed. ***Id.*** § 4(a) . . . .
>
> When Relator filed her application for writ of habeas corpus in the trial court, the writ issued by operation of law. *See **id.*** Respondent acknowledged the writ's issuance by denying Relator's writ application. *See **Ex parte Villanueva***, 252 S.W.3d 391, 395 (Tex. Crim. App. 2008) (writ effectively issued where trial judge did not formally issue writ but ruled on merits). Because the writ issued by operation of law, Relator's request to direct Respondent to issue the writ is moot, and she is not entitled to mandamus relief as to this issue. *See **id.**; see also **In re Bonilla***, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) (there is nothing to mandamus when relief sought is moot).

***In re Davis***, 2021 WL 306201, at *1.

Because Appellant now seeks to make the same argument in this appeal that she previously made in her petition for writ of mandamus, we conclude that the law of the case doctrine applies and, accordingly, again hold that the relief Appellant seeks is moot. *See **id.**; see also **Briscoe***, 102 S.W.3d at 716; ***In re United Servs. Auto. Ass'n***, 521 S.W.3d at 927–28.

## Method of Consideration and Timing of Denial of Application without Hearing

Appellant next argues that the trial court abused its discretion by determining that her application was "frivolous" because it failed to limit its consideration to the face of the application and any documents attached thereto. Alternatively, she contends that the trial court

abused its discretion by denying the application on the merits before the State had an adequate opportunity to respond and by failing to hold an evidentiary hearing.

*Standard of Review and Governing Law*

We review a trial court's ruling on a habeas corpus application for abuse of discretion. ***Kniatt v. State***, 206 S.W.3d 657, 664 (Tex. Crim. App.2006); ***Ex parte Zantos-Cuebas***, 429 S.W.3d 83, 87 (Tex. App.–Houston [1st Dist.] 2014, no pet.). However, "appellate courts review de novo those 'mixed questions of law and fact' that do not depend upon credibility and demeanor." ***Ex parte Peterson***, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds*, ***Ex parte Lewis***, 219 S.W.3d 335, 371 (Tex. Crim. App. 2007); *see also* ***Ex Parte Weinstein***, 421 S.W.3d 656, 664 (Tex. Crim. App. 2014); ***Ex parte Pritzkau***, 391 S.W.3d 185, 186 (Tex. App.–Beaumont 2012, no pet.). "[I]f the court's application of the law to the facts does not rest on factual findings, it is afforded no deference and we review de novo." ***Ex parte Roberts***, 409 S.W.3d 759, 762 (Tex. App.–San Antonio 2013, no pet.).

Texas Code of Criminal Procedure, Article 11.072 "establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1 (West Supp. 2021). Those seeking relief pursuant to Article 11.072 are required to file an application for writ of habeas corpus with "the clerk of the court in which community supervision was imposed." *Id.* art. 11.072, § 2(a). "At the time the application is filed, the applicant must be, or have been, on community supervision," and the application must challenge the legal validity of "the conviction for which or order in which community supervision was imposed . . . ." *Id.* art. 11.072, § 2(b).

The trial court receiving the application is required to enter a written order granting or denying the relief sought. *Id.* art. 11.072, § 6(a). "In making its determination, the court may order affidavits, depositions, interrogatories, or a hearing, and may rely on the court's personal recollection." *Id.* art. 11.072, § 6(b).

Section 7 of Article 11.072 establishes two procedures by which a trial court may dispose of the application. *See id.* art. 11.072, § 7(a). The first procedure allows for summary dismissal of facially frivolous applications. *Id.* Thus, "[i]f the court determines from the face of an application or documents attached to the application that the applicant is manifestly entitled to no relief, the court shall enter a written order denying the application as frivolous." *Id.* Otherwise,

a second procedure applies, and the trial court cannot rule on the application without entering findings of fact and conclusions of law. *Id.*

*Discussion*

In this case, the trial court entered a written order denying the application as frivolous but also entered written findings of fact or conclusions of law, in which it referenced its reliance on evidence outside the face of the application and any attachments. Thus, we conclude that despite its reference to the frivolity of Appellant's application, the trial court proceeded with its denial of the application under the aforementioned "second procedure" wherein it was required to make and did make express findings of fact and conclusions of law in conjunction with its denial. *See id.*

Appellant next argues that the trial court abused its discretion by denying her application because, under Section 6(a), it is prohibited from ruling on the application and entering findings until after the State has had an opportunity to file an answer. But Section 5(b) explicitly sets forth that the state is not required to file an answer. *See id.* art. 11.072, § 5(b). Appellant's contentions to the contrary notwithstanding, the statute sets forth that the state has thirty days to file an answer after it is served with the application, including the possibility of a thirty-day extension. *See id.* art. 11.072, §5(c). If it does, the trial court then has sixty days from the date of its answer to grant or deny the application. *See id.* art. 11.072, § 6(a). But no language in the statute expressly prohibits the trial court from denying relief on the merits prior to the time the state *may* file an answer, and we conclude that Appellant's arguments that Section 6(a) mandates that the trial court must wait until the State has had an opportunity to answer before it rules are unpersuasive. *See id.*

Finally, Appellant argues that the trial court abused its discretion by ruling on her application before she could present and further develop evidence at an evidentiary hearing so that she further could develop the evidence in support of her ineffective assistance of counsel claims. We disagree. The language of Section 6(c) plainly indicates that, ordinarily, the trial court's decision to hold a hearing on an Article 11.072 application is not mandatory. *See id.* art. 11.072, § 6(c); *Ex parte Faulkner*, No. 09-05-00478-CR, 2006 WL 3094339, at * 3 (Tex. App.–Beaumont Apr. 4, 2007) (orig. proceeding) (mem. op., not designated for publication) ("Article 11.072, Section 6(b) clearly indicates that the decision by the trial court to conduct a hearing on a defendant's application is entirely discretionary"); *but cf. Ex parte Franklin*, 310 S.W.3d 918,

921–22 (Tex. App.–Beaumont 2010) (orig. proceeding) (holding that evidentiary hearing required under Article 11.07 writ application on issue of actual innocence involving newly discovered evidence with contradictory affidavits, but distinguishing its facts from application brought under Article 11.072). Moreover, at least two of our sister courts have held that a trial court is not required to hold an oral hearing in order to determine whether to deny an Article 11.072 writ application in which the applicant alleges ineffective assistance of counsel. *See Franklin*, 310 S.W.3d at 922 (citing *Ex parte Luciw*, No. 03-08-00445-CR, 2009 WL 5150018, at *4 (Tex. App.–Beaumont Dec. 31, 2009) (orig. proceeding) (mem. op., not designated for publication)); *see also Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App.– Fort Worth 2005) (orig. proceeding). Therefore, we conclude that the trial court did not abuse its discretion in declining to conduct a hearing on Appellant's writ application.

Based on the foregoing, we hold that the trial court did not abuse its discretion in denying Appellant's application for writ of habeas corpus under Article 11.072. Appellant's sole issue is overruled.

### DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's order denying her application for writ of habeas corpus.

BRIAN HOYLE
Justice

Opinion delivered December 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2021**

**NO. 12-20-00252-CR**

**EX PARTE: LISA DAVIS**

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 20-2443-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order denying Appellant's application for writ of habeas corpus of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*